## Poli Rivas v. The State.

No. 8557. Decided June 11, 1924.

Rehearing denied November 12, 1924.

### 1.—Murder—Accomplice Testimony—Charge of the Court.

In this case Rafeal Arredondo testified for the state under a promise of immunity. He was clearly an accomplice. The court failed to charge the jury on corroboration of an accomplice testimony. Appellant failed to except to the failure and did not ask for a special charge presenting this issue. The accomplice was sufficiently corroborated by five other witnesses for the state. *Held* no error presented in court's failure to charge on corroboration.

**2.—Same—Evidence—of Co-Conspirators—Admissible When.**

The state's witness Arredondo, clearly a co-conspirator with appellant, testified to declarations, made by mother of appellant, in the presence of the deceased, the witness and appellant, and one Pinedo before the killing. Such testimony was properly admitted on the principle that the declarations of one co-conspirator made during the conspiracy, and in furtherance of the common design, are admissible against all of the conspirators.

Appeal from the District Court of Wilson County. Tried below before the Hon. Covey C. Thomas, Judge.

Appeal from a conviction of murder; penalty, thirty-three years in the penitentiary.

*S. B. Carr,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; punishment fixed at confinement in the penitentiary for a period of thirty-three years.

The name of the deceased was William Neill.

An alleged accomplice, Rafeal Arredondo, testified for the State under the promise of immunity. It is the State's theory that the appellant, Poli Rivas, Victor Pinedo and Rafeal Arredondo were actors in the homicide. According to Arredondo's testimony, Neill was at the home of Mrs. Rivas. Appellant and Pinedo were present. There was whisky drinking which continued into the night. When Neill left the house, Pinedo, Arredondo and the appellant followed him, and Pinedo, using a brick, struck Neill from behind and appellant rifled his pockets. Arredondo claims that he co-operated in the homicide and robbery upon the command of Pinedo. Appellant, a young man 19 or 20 years of age, testified that upon the night of the homicide, he became so drunk that he laid down upon a cot and did not know when Neill left the premises; that after he had laid down he became unconscious and knew nothing until the next morning; that he did not accompany Pinedo, took no part in the killing, and knew nothing of it. The mother of the appellant verified his theory.

Complaint is made of the receipt in evidence of the testimony of Arredondo to the effect that Mrs. Felice Rivas said: "Do not give Mr. Neill too much whisky, because he was already drunk,' and that Pinedo answered: "It don't make any difference, I will take him home." According to the bill, the appellant was present at the time, and according to the testimony of Arredondo, the appellant and Pinedo acted together in committing the homicide. The ruling of the court finds support in the principle that the declarations of one

co-conspirator made during the conspiracy and in furtherance of the common design are admissible against all of the conspirators.

The circumstances were sufficient to make out a prima facie case of conspiracy, especially when taken in connection with the evidence showing concert of action of the parties in committing the crime. Wharton's Crim. Evid., Vol. 2, Sec. 919; Hays v. State, 90 Texas Crim. Rep., 192. It appears from the testimony without dispute that Neill, Arredondo, Pindeo and the appellant were present at the home of the appellant's mother; that subsequently Neill, Arredondo and Pinedo left the premises; that later the body of the deceased was found; that the wounds upon him revealed death by violence. There were also circumstances showing robbery. Thus by the undisputed evidence the appellant was placed in a position to act with Arredondo and Pinedo, and according to Arredondo, he did act with them. Appellant's conflicting theory that he became drunk became an issue of fact which was submitted to and determined by the jury under a charge of which there was no complaint made. It is true that Arredondo was an accomplice witness. His declaration that he was a forced actor in the homicide does not relieve him of the odium of guilt. See Howard v. State, 92 Texas Crim. Rep., 223.

The court did not, in his charge, inform the jury of the necessity for corroboration. Doubtless it would have been done had such a charge been demanded, either by exception to the main charge or request for a special charge. This court is not therefore authorized to order a reversal of the judgment because of the failure to so instruct the jury. It would be authorized and required to reverse the case if there was no testimony other than that of Arredondo to connect the appellant with the commission of the offense. The testimony and theory of the appellant was combatted and that of the State supported by the testimony of five other witnesses. Each of them testified that he saw the appellant and other men follow the deceased on the night of the homicide a short time before he was killed and near the place at which his body was found. The circumstances detailed by some of these witnesses indicated that appellant and his companions laid in wait for the deceased and followed him to the scene of the homicide. The credibility of these witnesses, whether drunk or sober, was a matter which the statute commits to the jury. If believed, their testimony not only contradicts appellant's theory of alibi but pertinently tends to connect him with the homicide.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

HAWKINS, JUDGE.—We have again carefully examined the evidence in the record, being induced to do so by the earnest and able oral argument of counsel for appellant and the long term of imprisonment assessed. We have also read with care the able argument filed in connection with the motion for rehearing.

Some immaterial inaccuracies are pointed out in our original opinion which have been corrected. We regret that our views are not in accord with counsel for appellant in his contention that the evidence does not corroborate the accomplice Arredondo to the extent required by the law. It would not serve any useful purpose to review the evidence but we are confirmed in our opinion that outside of the accomplice testimony it did tend to connect appellant with the commission of the crime. Contradictions appear in the testimony but we feel sure these matters were forcibly called to the jury's attention. The record does not present a case in which this court would be authorized to challenge a finding by the jury upon issues of fact.

The motion for rehearing is overruled.

*Overruled.*