Robert E. DRUMMOND, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–81–038 CR.

Court of Appeals of Texas,
Beaumont.

Oct. 28, 1981.

Ellis C. McCullough, Houston, for appellant.

James H. Keeshan, Conroe, for appellee.

## OPINION

CLAYTON, Justice.

This is an appeal from a conviction for murder. Punishment was assessed by the jury at imprisonment for ninety-nine years. Appellant was represented at trial by retained counsel and is now represented by the same counsel, being court appointed on appeal.

Appellant's first ground of error complains of error by the trial court in failing to hold, and instructing the jury, that the witness, Helen Clements, was an accomplice as a matter of law.

The body of Keith Anderson was found in a wooded area 80 to 90 feet off Sorters Road in Porter, Montgomery County, Texas, on February 18, 1979. The witness Clements testified that she was dating appellant in January and February 1979. Clements was introduced to Anderson on February 11, 1979. Clements, Anderson, and appellant spent the night of February 11, 1979, in appellant's home and were together in various locations for most of the following day. Clements and Anderson were dropped off by appellant at the Saddlehorn Saloon during the evening of February 12, where they drank whiskey and played pool. They were rejoined by appellant at the saloon at about 1:00 a.m. on February 13, where an argument developed between Anderson and appellant.

A short time later, the three persons, Clements, Anderson, and appellant, departed the saloon in appellant's car, with Clements seated next to appellant (who was driving) and Anderson seated on the passenger side of the front seat. Anderson was intoxicated. As appellant drove along Sorters Road, he slowed the car to a near stop and suddenly drew a pistol and, reaching across and in front of Clements with the pistol only a few inches from her face, fired a shot toward the back of Anderson's head. This shot struck Anderson in the neck. Appellant then caused Anderson to exit the car and shot him again in the head. Clements observed both men cross a bar ditch and a barbed wire fence into the wooded area, where appellant ordered Anderson to throw his wallet to the ground. Appellant then fired more shots at Anderson and dragged his body into the woods. Before firing the final shots, appellant ordered Clements to retrieve the wallet from the ground, which she did.

Clements remained with appellant the remainder of the night. On the evening of February 13, she accompanied appellant back to Sorters Road where appellant moved Anderson's body further back into the woods. On February 21, Clements placed a call to the Montgomery County sheriff's office and told a dispatcher that "there is someone that works at the Saddlehorn Saloon that knows about the murder of Keith Anderson." Clements was employed at the Saddlehorn at that time.

Clements testified that appellant told her that he had "shot and killed" Anderson because Anderson knew that he, appellant, was "involved in a kidnapping and that if the police got hold of Keith [Anderson], that he would talk. And [appellant] didn't want him to talk." She testified that she

did not know in advance that appellant intended to kill Anderson and that she did not attempt to flee from appellant because she was afraid of him. She knew appellant "had guns" and knew where she lived and worked. She testified she was placed in jail, after appellant's arrest, and remained there for three weeks for "my protection." Her testimony reflects she was not charged with or indicted for any offense at the time she was placed in jail. Shortly after her release, she was placed in the home "with a couple in Montgomery County." This placement was made by the "Montgomery sheriff's office."

Appellant contends that Clements had knowledge of the offense committed by appellant, failed to timely disclose her knowledge thereof, and actually participated in the offense by being present with appellant at the time he went back to the scene and moved the body of Anderson, and by retrieving Anderson's wallet from the ground. He contends that because of such acts, Clements was an accomplice as a matter of law. We do not agree.

The record in this case shows that Clements' actions were taken because of her fear of appellant. This evidence was not refuted. Appellant did not testify. The evidence does not reflect any affirmative act on Clements' part to assist in or encourage the murder. There is no showing that Clements participated in planning or promoting the offense, or that she had any knowledge of what was about to transpire. Mere presence at the scene of the offense does not compel the conclusion that she was an accomplice as a matter of law. *Russell v. State*, 598 S.W.2d 238 (Tex.Cr.App.1980). A witness is not deemed an accomplice witness because he knew of the crime but failed to disclose of or even concealed it. *Carrillo v. State*, 591 S.W.2d 876 (Tex.Cr. App.1979); *Gausman v. State*, 478 S.W.2d 458 (Tex.Cr.App.1972).

We recognize that the testimony of a witness that he was without knowledge or that he was forced or coerced does not compel the conclusion that he was not an accomplice witness, but if a State's witness implicates himself, his statement that his participation was compulsory raises the issue of fact as to whether his testimony is or is not that of an accomplice witness. *Easter v. State*, 536 S.W.2d 223 (Tex.Cr.App. 1976); *Cozine v. State*, 87 Tex.Cr. 92, 220 S.W. 102 (1920); *Rivas v. State*, 98 Tex.Cr. 316, 265 S.W. 583 (1924). The same is true where the witness' actions were caused by fear of appellant, where the actions of the witness is reasonably consistent with the expressed fear.

The trial court submitted the issue of whether Clements was an accomplice witness as a question of fact for the jury to decide. Where there is a doubt whether a witness is an accomplice, submitting the issue to the jury is sufficient even though the evidence seems to preponderate in favor of the conclusion that the witness is an accomplice as a matter of law. *Carrillo v. State*, supra; *Colunga v. State*, 527 S.W.2d 285 (Tex.Cr.App.1975); *Ward v. State*, 520 S.W.2d 395 (Tex.Cr.App.1975). It is only when the evidence clearly shows that the witness is an accomplice witness as a matter of law that the trial court has a duty to so instruct the jury. *Arney v. State*, 580 S.W.2d 836 (Tex.Cr.App.1979).

We cannot conclude from the record before us that the evidence without doubt shows that Clements was an accomplice witness as a matter of law. The trial court submitted the issue of whether Clements was an accomplice witness as a fact question for the jury. The trial court properly refused to instruct the jury that Clements was an accomplice witness as a matter of law. This ground of error is overruled.

By his second ground of error, appellant complains of error by the trial court in "failing to grant Appellant's Motion to Strike potential juror, Morris Stanley." Appellant's counsel inquired of the jury panel if any juror "would give more credibility to the testimony of a police officer than that of another citizen for the simple and sole reason that the person is a peace officer or a policeman?" The venireman Stanley stated:

"A. I think they [peace officers] have been screened for their posture of credibility.

"Q. All right and so-and- without knowing then what the man's background is or whether he was—you presume because of his position, his employment alone that he would tend to be more truthful than somebody who is not a police officer?

"A. That's true."

The State's attorney then completely rehabilitated Stanley who then stated he recognized a police officer could be "corrupt," "mistaken," and "could lie," and that he, Stanley, would "wait and listen to the testimony of this police officer" before he would decide how much weight to give to his testimony, and recognizing that a witness with some "other source of employment" could have a greater degree of truthfulness or reliability than a peace officer. Following those questions and answers, appellant's counsel made no further effort to disqualify Stanley. This venireman, Stanley, was not subject to a challenge for cause. *Scott v. State*, 490 S.W.2d 578 (Tex.Cr.App.1973).

■ Moreover, even if Stanley had been subject to a challenge for cause, and the trial court erroneously overruled such challenge, appellant has shown no harm requiring a reversal. Harm may be shown in the wrongful denial of challenge for cause by showing exhaustion of appellant's peremptory challenges, denial of a request for additional peremptory challenges, and the seating of a juror upon whom appellant would have exercised a peremptory challenge. *Payton v. State*, 572 S.W.2d 677 (Tex.Cr.App.1978); *Hernandez v. State*, 563 S.W.2d 947 (Tex.Cr.App.1978); *Emanus v. State*, 526 S.W.2d 806 (Tex.Cr.App.1975); *Ward v. State*, 505 S.W.2d 832 (Tex.Cr.App. 1974), cert. den., 419 U.S. 864, 95 S.Ct. 117, 42 L.Ed.2d 100 (1974). Appellant has not urged in his brief, and we find nothing in the record to show, that he was forced into taking an objectionable venireman upon the jury. Therefore, assuming arguendo, that Stanley was disqualified and subject to challenge for cause, which we do not hold,

appellant's failure to show he was forced into taking an objectional juror does not present reversible error. This ground is overruled.

By his third and fourth grounds of error, appellant complains that the State intentionally withheld information concerning the prior criminal record of "potential juror [J.—R.—]," and also withheld information about another juror, Newson.

■ Appellant's counsel states that he learned for the first time after the seating of the jury that approximately a year prior to the trial of this case, the venireman J.—R.— had been charged with a couple of misdemeanor criminal mischief and assaults, and had pled to the case without going to the jury. This plea was handled by one of the State's attorneys in the case at bar, who was then an assistant county attorney. The State did not reveal this conviction to appellant. Appellant's counsel made no request for any such information. Appellant states in his brief that the State's attorney was aware that J.—R.— failed to respond to the question as to whether or not he had even had a personal interest in the outcome of a criminal case. We have carefully read the record containing the individual questioning of J.—R.— on the voir dire examination, and we do not find any such question being propounded. Both the State and appellant exercised peremptory challenges to this venireman.

Newson had stated on voir dire examination, upon being asked if she or a member of her family had been the victim of serious crime, that her son had been shot on December 24, 1978, and in response to questions, stated that the case against her son's assailant was still pending. The State and appellant peremptorily struck this prospective juror. The record, at the hearing on appellant's motion for new trial, shows that her son's assailant entered a plea of guilty on the same day that Newson was interrogated. There is no showing that Newson knew of this proceeding.

The State has no obligation to furnish counsel for an accused with information he

has in regard to prospective jurors. Such information was readily available to defense counsel on voir dire. *Linebarger v. State,* 469 S.W.2d 165 (Tex.Cr.App.1971); *Enriquez v. State,* 429 S.W.2d 141 (Tex.Cr. App.1968); *Martin v. State,* 577 S.W.2d 490 (Tex.Cr.App.1979). These grounds of error are overruled.

 Appellant's next ground of error complains of failure of the trial court to "grant his motion for mistrial when Appellant objected to the State's jury argument concerning Appellant's attorney's use of tricks in his defense." Appellant states in his brief, "During the State's final argument in the guilt-innocence of the Appellant's trial, the State at various times referred to the defense tactics as being 'tricks.'" Appellant objected to the use of the word "tricks." The court sustained appellant's objection and instructed the jury to disregard the word "tricks." Appellant moved for a mistrial after the jury had retired to deliberate. The word "tricks" as used by the prosecuting attorney, in the context as used, was not so inflammatory that the prejudicial effect, if such existed, could not reasonably be removed by the instruction given by the trial court. Any injury from such improper jury argument was obviated when objection thereto was sustained and the jury was instructed to disregard the word used in the argument. *Johnson v. State,* 583 S.W.2d 399 (Tex.Cr. App.1979); *Arredondo v. State,* 582 S.W. 2d 457 (Tex.Cr.App.1979); *Thomas v. State,* 578 S.W.2d 691 (Tex.Cr.App.1979); *Rodriquez v. State,* 552 S.W.2d 451 (Tex.Cr. App.1977). This ground is overruled.

Appellant's sixth ground of error complains of error in "failing to grant Appellant's Motion for Mistrial when, during final argument, the State commented on Appellant's failure to testify."

We have carefully reviewed the argument made by the State's attorney, and we do not find any objection to any portion of the argument upon the grounds stated in this ground of error. Since the ground of error raised by appellant in his brief on appeal was not raised in the trial court, and no opportunity was presented for the trial court to rule thereon, no question is presented for review. *Sirls v. State,* 511 S.W.2d 55 (Tex.Cr.App.1974); *Valdez v. State,* 472 S.W.2d 754 (Tex.Cr.App.1971); *Korb v. State,* 402 S.W.2d 166 (Tex.Cr.App. 1966).

Appellant does refer to an objection to the argument upon grounds that it "shifted the burden of proof to the Defendant." This objection and complaint thereon has not been brought to this court by a ground of error. The specific objection brought forward as a ground of error is not the same as the objection made to the trial court. A specific objection raised on appeal will not be considered if it varies from the specific objection made at trial. *Carrillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1979); *Crocker v. State,* 573 S.W.2d 190 (Tex.Cr. App.1978); *Bouchillon v. State,* 540 S.W.2d 319 (Tex.Cr.App.1976). This ground of error is overruled.

Finding no error, we affirm the judgment.

AFFIRMED.