Marcus Conrad **WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–81–021–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 27, 1981.

Donald W. Bankston, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

JAMES, Justice.

This appeal arises out of a conviction for aggravated robbery wherein the punishment was assessed at twenty-five (25) years. We affirm.

The sufficiency of the evidence is not challenged. Appellant's conviction is supported by the testimony of three eyewitnesses present at the Thrift-Tee Supermarket in Harris County at or about 4:00 P.M. on November 15, 1978. These witnesses testified that appellant and his companions entered the supermarket and proceeded to take money from the courtesy booth and cash registers while exhibiting firearms and threatening to kill the persons in the store.

█ In his first ground of error, appellant complains of the trial court's alleged error in overruling appellant's motion for continuance. This motion, filed the day of trial and heard prior to the commencement of trial, urged the court to continue the case until the completion of the trial of appellant's codefendant on the basis that if the codefendant were free to testify without the fear of self-incrimination, he would testify to appellant's lack of participation in the robbery for which they were both being tried. At this hearing appellant testified that the codefendant had given him an affidavit which was attached to the motion wherein the codefendant swore that appellant did not participate in the robbery or have knowledge of the robbery. When called upon to testify at the hearing and at the completion of the state's case, the codefendant invoked the Fifth Amendment and refused to testify on behalf of appellant.

For his first ground of error, appellant relies on *Roberson v. State*, 513 S.W.2d 572 (Tex.Cr.App.1974), wherein it was alleged by the appellant that a codefendant would have testified that appellant was not the one who robbed the complainant in the liquor store. The court held that the trial court did not err in failing to order the codefendant's trial to proceed first because, viewing the evidence as a whole, the trial court could properly conclude that the codefendant's proposed testimony was a patent fabrication. There the court pointed out that an examination of the state's case against appellant was necessary in order to determine the importance of the codefendant's testimony. .

In the case before us, the evidence of appellant's guilt at the close of the state's case was overwhelming. Three eyewitnesses positively identified appellant as the robber. It would be mere speculation to conclude that the proposed testimony by the codefendant would have been of such weight and believability as to influence the decision of the jury. See *Byrd v. Wainright*, 428 F.2d 1017 (5th Cir. 1970). In addition, from testimony of the codefendant's attorney and the prosecutor, the record shows that the codefendant would have been unavailable to testify in the foreseeable future because he was then involved in competency hearings and if found competent to stand trial, he was expected to plead not guilty and appeal his case if convicted. Since the trial court could conclude that the testimony appellant's codefendant would offer was patently false and no justice would be served in delaying appellant's trial until some unforeseeable date in the future, the trial court properly denied appellant's motion for continuance. Accordingly, appellant's first ground of error is overruled.

■ In his second and third grounds of error, appellant asserts that the trial court erred in overruling his motion to suppress the lineup identifications because (1) appellant was placed in the lineup as a result of an illegal arrest and (2) the lineup was unduly suggestive. We need not discuss the circumstances leading to appellant's arrest nor decide whether the arrest without a warrant was supported by probable cause. This is because the Court of Criminal Appeals has held that the sole fact of an identification made while a suspect is under illegal arrest does not render the in-court identification by the same witnesses inadmissible. *Wyatt v. State*, 566 S.W.2d 597 (Tex.Cr.App.1978); *Johnson v. State*, 496 S.W.2d 72 (Tex.Cr.App.1973); *Lujan v. State*, 428 S.W.2d 336 (Tex.Cr.App.1968). See *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). As long as the court finds that the in-court identification is based on the witness' independent recollection of the event in question, the in-court identification will be admissible notwithstanding the fact that the lineup may have been conducted while the suspect was under illegal arrest. This same reasoning applies to a defendant's contention that a lineup was unduly suggestive. See *Clay v. State*, 518 S.W.2d 550 (Tex.Cr.App.1975); *Bedford v. State*, 501 S.W.2d 625 (Tex.Cr. App.1973).

■ In the instant case, because the witnesses who identified appellant at the lineup also testified that their in-court identifications were of independent origin and not based on their identifications of appellant at the lineup, we find that the trial court did not err in overruling appellant's motion to suppress the lineup. Accordingly, appellant's second and third grounds of error are overruled.

■ Assuming, *arguendo*, that the in-court identifications of appellant in the instant case were not of independent origin, we do not find that the lineup was unduly suggestive. Although the participants in the lineup were not of the exact same height, weight, and age, the witnesses who attended the lineup did not consider the

discrepancies to have been material in their identifications of appellant. These witnesses testified that the lineup participants appeared to be "about the same size" and that their appearances were "similar." Neither witness recalled that the appellant was the shortest or the only one wearing a jacket. The mere fact that some of the participants varied in height does not, by itself, render the lineup impermissibly suggestive. *Brown v. State*, 513 S.W.2d 35 (Tex.Cr.App. 1974); *Garcia v. State*, 563 S.W.2d 925 (Tex. Cr.App.1978). In viewing the totality of circumstances in the instant case, the lineup was not "so unnecessarily suggestive and conductive to irreparable mistaken identification" as to require a retrial of appellant's case. *Garcia, supra; see also Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

■ Appellant complains in his fourth ground of error that the trial court erred in failing to sustain his motion for mistrial because information concerning his incarceration in the county jail, which information it is alleged is forbidden for the jury as a violation of the presumption of innocence, was elicited during the prosecutor's examination of two witnesses. In the first instance, the following ensued:

Q When you arrived in the courtroom, were there seven Negro males at that time in the courtroom?

A Yes, and two or three females, too.

Q When you arrived in the courtroom, did you have any idea where the jail prisoners are kept in this courtroom?

A No, ma'am.

Q Did you know whether or not they came or were brought into the courtroom from the door which I am pointing to, to my right?

A No, ma'am. I had no idea he was in custody.

After appellant objected to the witness' unresponsive answer, the trial court ordered the testimony struck and instructed the jury to disregard any possible inference of appellant's incarceration. It has been held that any error in the admission of improper

testimony is cured by the trial court's withdrawal of the evidence and its instruction to the jury to disregard. *Evans v. State*, 542 S.W.2d 139 (Tex.Cr.App.1976) (wherein the testimony of a state's witness referred to an extraneous offense of the appellant). The only time the instruction will not cure the error is in those extreme cases "where it appears that the question or evidence is clearly calculated to inflame the mind of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds." 542 S.W.2d at 141; *Campos v. State*, 589 S.W.2d 424 (Tex.Cr.App.1979). The mere asking of an improper question will not call for reversal unless it results in obvious harm to the appellant. *Brem v. State*, 571 S.W.2d 314 (Tex.Cr.App.1978). We find that any possible harm caused by the unresponsive answer of the state's witness in the case before us was cured by the court's instruction to the jury to disregard any prejudicial inference.

In the second instance wherein appellant alleges a prejudicial inference was made, the following exchange took place:

Q  Did you ever discuss this case with the lawyer?

A  No.

Q  Did you ever go up to the jail? Did you ever visit with the defendant?

A  No.

Mr. Bankston: We would object to that again. This woman, this prosecutor has again perjured—

The Court: Wait a minute, counsel. If you want to make an objection, you may.

Mr. Bankston: Could we have the jury retired?

The Court: No, I'm going to overrule your objection. If you proceed, it's at your own peril. I'm not going to hold you in contempt, I'm warning you you're jeopardizing your own case.

Mr. Bankston: I move for a mistrial.

The Court: Denied.

Outside the presence of the jury, counsel for appellant made his objection to this question on the ground that it was inflammatory and prejudicial. The court overruled the objection and denied appellant's motion for a mistrial. We find that this question, although improper, did not result in obvious harm to appellant. See *Brown v. State, supra*. The jury's knowledge that appellant was in custody could not have greatly influenced their verdict in light of the fact that three eyewitnesses positively identified appellant as one of the robbers. In addition, appellant should have requested an instruction for the jury to disregard the question to properly preserve his error. No such request was made. Finally, in reviewing the record, we are constrained to point out that during cross-examination of the state's witness who had previously answered unresponsively, defense counsel did not object to this witness' second unresponsive answer in the following exchange:

Q  When did you see him in the courtroom first?

A  The exact time I couldn't tell you. It was early. I hadn't been here very long.

Q  Was it when you first walked in?

A  No, sir. They brought him in after I had been in here.

This exchange took place before this second instance of prejudicial inference alleged as error by appellant. Because the word "they" implies persons of authority which would infer that appellant was in custody, appellant may not be heard to complain of the prosecutor's question when he himself brought up the issue which led to the unresponsive answer.

For these reasons, we do not find that the making of this statement by the prosecutor, although error and to be discouraged, was not reversible error. Appellant's fourth ground of error is thus overruled.

By his fifth and sixth grounds of error, appellant complains of the trial court's alleged error in overruling his motion to quash the indictment because it failed to describe the property outlined in the indictment. Appellant contends that such failure prevented his receipt of proper

notice to present a defense and resulted in an indictment which was fundamentally defective as the description of the property is a fundamental and necessary element of the offense. Appellant's contentions are without merit. Unlike the old aggravated robbery statute wherein a description of the property involved was required for a robbery indictment, Tex.Penal Code Ann. art. 1408 (1925), the new provision of the penal code does not require allegations of the elements of theft, i.e., a description of the property. Tex.Penal Code Ann. § 29.03 (Vernon 1974); *Franklin v. State*, 607 S.W.2d 574 (Tex.Cr.App.1980); *Robinson v. State*, 596 S.W.2d 130 (Tex.Cr.App.1980); *Ex Parte Lucas*, 574 S.W.2d 162 (Tex.Crim. App.1978); *Hill v. State*, 568 S.W.2d 338 (Tex.Cr.App.1978). Accordingly, appellant's fifth and sixth grounds of error are overruled and the conviction is affirmed.