Vernon Alvin **O'DELL**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–82–055–CR.

Court of Appeals of Texas, Fort Worth.

April 27, 1983.

Donald S. Gandy, Fort Worth, for appellant.

Brock Smith, Dist. Atty., Decatur, for State.

Before FENDER, C.J., and BURDOCK and SPURLOCK, JJ.

## OPINION

SPURLOCK, Justice.

Appellant, Vernon Alvin O'Dell, was convicted by a jury of the offense of murder. V.T.C.A. Penal Code, § 19.02. That jury assessed punishment at forty (40) years imprisonment.

We affirm.

O'Dell asserts in five grounds of error that the trial court erred in refusing to: (1) grant his challenge for cause on a juror for the reason that this juror expressed a bias or prejudice against him; (2) charge the jury upon the lesser included offense of voluntary manslaughter; (3) disqualify himself due to the fact that the judge had prosecuted O'Dell on the prior felony conviction which the State utilized for enhancement purposes; (4) grant O'Dell's motion for mistrial after the nonresponsive answer of a State's witness during the punishment phase of trial to the effect that O'Dell had been a suspect in other cases; and, (5) grant his motion for mistrial after the State exceeded the scope of V.A.C.C.P. art. 37.07 in the testimony of witness Walker during the punishment phase of trial.

■ O'Dell's first ground of error alleges that the trial court erred in refusing to grant his challenge for cause upon juror Donald James Garman on the basis that Garman expressed a bias or prejudice against O'Dell when he allegedly indicated that he would believe a police officer's testimony simply because that witness was a police officer. Juror Garman was questioned upon this point at the bench and answered as follows:

[PROSECUTOR]: If I may, your Honor. In other words, Mr. Garman, I don't take it to mean that you don't believe or it's not your belief that the police officer is not capable of telling a lie. That's not what you are saying at all, is it?

JUROR: No. I'm not saying that at all. I'm sure some police officers are capable of telling a lie and maybe do tell lies, but I believe a man in that position is more apt to tell the truth, is more apt to portray something as it actually happened because he's trained to do it that way.

[PROSECUTOR]: Now, I take it, also, that if you were on the jury, you would evaluate a lay witness, someone who is not a police officer, the same way you would anyone else as to whether they are telling you the truth in circumstances simply because you might feel a police officer is telling—probably has a greater obligation to tell the truth; you are not

going to use a separate standard for your witnesses as they come before you?

JUROR: Well, the standard that evaluates what the witness said would be the same.

[PROSECUTOR]: Okay. That was the question; what was the credibility of the witness.

Okay. That's the State's point, your Honor, and we submit that this man is qualified.

THE COURT: I don't think he's disqualified. If you want to ask him something else, well, go ahead.

[DEFENSE COUNSEL]: We'll stand on our challenge at this time.

THE COURT: Okay. I won't excuse you.

We find that the record of the voir dire of juror Garman does not indicate that Garman would believe a police officer's testimony over that of any other citizen simply because of the officer's status as a policeman. Garman was not subject to a challenge for cause. The trial court properly refused to exclude Garman from the jury panel, since bias as a matter of law has not been established by this record. *See Kennard v. State,* 649 S.W.2d 752 (Tex.App.—Fort Worth, 1983). As the denial of O'Dell's challenge for cause was proper, we do not reach the question of whether an accused must show (1) that he was denied a requested additional peremptory challenge, along with (2) exhaustion of his peremptory challenges, and (3) the seating of a juror upon whom appellant would have exercised a peremptory challenge, in order to show harm where a juror should properly have been excused due to appellant's proper challenge for cause.[1] O'Dell's first ground of error is overruled.

O'Dell's second ground of error contends that the trial court erred in refusing to charge the jury upon the law of the lesser included offense of voluntary manslaughter.

[I]n determining whether a charge on a lesser included offense is required, a two step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense....

*Royster v. State,* 622 S.W.2d 442, 446 (Tex. Cr.App.1981).

■■■ The settled Texas law on this issue is that the trial court need not give a jury charge upon a lesser included offense merely because proof of that lesser offense is included within proof of the greater offense. *McBrayer v. State,* 504 S.W.2d 445 (Tex.Cr.App.1974). While the proof necessary to establish various lesser included offenses may have been presented at trial, there is no evidence in the record that if O'Dell is guilty, he is guilty *only* of the lesser included offense of voluntary manslaughter, as required in the second step of the *Royster, supra,* test. We therefore sustain the decision of the trial court not to charge upon voluntary manslaughter, and overrule ground of error two.

■■■ O'Dell's third ground of error maintains that the trial court erred in refusing to disqualify himself, due to the fact that he had personally prosecuted O'Dell on the prior felony conviction that the State utilized for enhancement purposes.

The Texas Court of Criminal Appeals has ruled on this issue:

The appellant cites and relies upon Article 30.01, V.A.C.C.P., which provides that no judge shall sit in any case where he has been of counsel for the state, and

---

1. This is the position urged by the State, relying upon *Drummond v. State,* 624 S.W.2d 690, 693 (Tex.App.—Beaumont 1981). *See also Barefoot v. State,* 596 S.W.2d 875, 881 (Tex.Cr. App.1980). *But see O'Bryan v. State,* 591 S.W.2d 464, 473 (Tex.Cr.App.1979); and *Wolfe v. State,* 147 Tex.Cr.R. 62, 178 S.W.2d 274 (Tex.Cr.App.1944), which do not include step

(1) above among the steps required to show harm in such situations. *Wolfe* is stated as the basis for the decision reached in *Hernandez v. State,* 563 S.W.2d 947 (Tex.Cr.App.1978), which is cited by both counsel in the instant appeal. This issue obviously needs clarification, but the facts of this case fall just short of requiring our decision upon it.

he also cites and relies upon *Pennington v. State,* 169 Tex.Cr.R. 183, 332 S.W.2d 569 (1960). *Pennington v. State,* supra, was overruled in *Hathorne v. State,* 459 S.W.2d 826 (Tex.Cr.App.1970). *Griffin v. State,* 487 S.W.2d 81 (Tex.Cr.App.1972) and *Hathorne v. State,* supra, are authority for holding that the appellant's contention is without merit and such contention is overruled.

*Nichols v. State,* 494 S.W.2d 830, 836 (Tex.Cr.App.1973). We therefore overrule O'Dell's third ground of error.

■ Grounds of error four and five were briefed together by both counsel, and we shall also treat them together. Ground of error four alleges that the trial court erred in refusing to grant O'Dell's motion for mistrial after the nonresponsive answer of witness Tom Walker during the punishment phase of the trial. Specifically, O'Dell complains of the following testimony by the State's reputation witness, Texas Ranger Tom Walker:

QUESTIONS BY [PROSECUTOR]:

Q. State your name.

A. Tom Walker.

Q. What is your occupation, sir?

A. Texas Ranger.

Q. How long have you been a Texas Ranger?

A. Seven years.

Q. How long have you been a peace officer?

A. 21 years.

Q. In what capacity have you been a peace officer in the State of Texas?

A. I was a highway patrol for 14 years stationed in—my last station was Springtown, and I was a Texas Ranger here for, oh, a little more than five years and I've been in Livingston for almost two years.

Q. What are your duties?

A. Right now it's criminal investigation.

Q. Are you also a fingerprint expert?

A. Yes, sir, I am.

Q. Do you know Vernon Alvin O'Dell?

A. Yes, I do.

Q. How long have you known him or known of him?

A. *While I was a criminal investigator assigned here in Decatur, my responsibility was also the Bridgeport area and on a number of occasions his name was brought up as being suspects in different—*

[PROSECUTOR]: Now—

[DEFENSE COUNSEL]: One second now, your Honor—

THE COURT: Wait, wait. Don't further testify.

[DEFENSE COUNSEL]: We are going to object to this unresponsive comment by this witness as outside of the scope of 3707 [sic] of the Code of Criminal Procedure and we object to it on that basis.

THE COURT: *I'm going to sustain the objection and request the jury disregard the answer of the witness.*

[DEFENSE COUNSEL]: The Court's instruction being insufficient to cure the error made by this witness, we respectfully request a mistrial.

THE COURT: *The Court will instruct the jury to disregard the testimony adduced from the last sentence— the last question and do not use it for any purpose whatsoever,* but I will overrule the—I will overrule your motion for mistrial.

[DEFENSE COUNSEL]: Note our exception.

QUESTIONS BY [PROSECUTOR]:

Q. Do you know the defendant's reputation in Wise County, Texas, for being a peaceable and law abiding citizen?

A. Yes.

Q. Is that reputation good or bad?

A. It was very bad. [Emphasis ours.]

Ground of error five argues that the State went beyond the scope of V.A.C.C.P. art. 37.07, § 3, which permits either party to admit evidence of a defendant's prior criminal record after a finding of guilty, including his general reputation of his character. Specifically, O'Dell argues that the answer of Ranger Walker went beyond the

allowable bounds of art. 37.07, § 3, and placed extraneous matters before the jury which were entirely impermissible. We disagree.

O'Dell concedes that many cases hold that an instruction to disregard the nonresponsive answer of a witness renders any error harmless and/or cures such alleged error, except in extreme cases where such an instruction cannot remove the impression that the response has made upon the minds of the jurors. However, O'Dell argues that Walker's response was made in bad faith, and therefore that his nonresponsive answer calls for declaration of a mistrial by the court.

However, the only recognized exception to the above mentioned general rule is "in extreme cases where it appears that the *question* or evidence is *clearly calculated* to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds." [Emphasis added.] *White v. State,* 444 S.W.2d 921, 922 (Tex.Cr.App. 1969). *See also Torres v. State,* 552 S.W.2d 821 (Tex.Cr.App.1977); and *Williams v. State,* 625 S.W.2d 769, 773 (Tex.App.— Houston [14th Dist.] 1981). As the State contends, the test is the effect of the nonresponsive answer and the motive, if any, behind it. We find nothing in the record to indicate bad faith on the part of the witness. The record reflects that the prosecutor's question was not calculated to elicit an improper response which would inflame the minds of the jury.

Appropriate instructions have been held to cure improper references by prosecutors to extraneous offenses or other matter not in the record, *Bermudez v. State,* 504 S.W.2d 868 (Tex.Cr.App.1974); *Hodge v. State,* 488 S.W.2d 779 (Tex.Cr. App.1973), and by witnesses volunteering answers. *Bolden v. State,* 504 S.W.2d 418 (Tex.Cr.App.1974). The witness' uncalled for testimony here, while undoubtedly improper, was cured by immediate response of the trial judge and is not of such a prejudicial nature that an unalterable impression was produced in the

minds of the jurors. It was not error to fail to grant a mistrial. *Warren v. State,* 514 S.W.2d 458, 463 (Tex. Cr.App.1974).

We find that the holding in *Warren* is dispositive of the issues raised in grounds of error four and five, and they are therefore overruled.

We affirm.