

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

---

**NO. 2-07-274-CR**

VICTOR VEGA                                                          APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Victor Vega appeals his convictions for sexual assault of a child.[2] We affirm.

---

[1] *See* TEX. R. APP. P. 47.4.

[2] TEX. PENAL CODE ANN. 22.011(a)(2) (Vernon 2003).

Appellant met the complainant on the internet when she was fourteen or fifteen and he was in his thirties. Over the course of the next six months to a year, he had sex with her multiple times in his Denton County apartment.

After a two-day jury trial, appellant was found guilty on three counts of sexual assault of a child.[3] Upon hearing additional evidence and argument, the jury assessed punishment at fifteen years' confinement on count one and twenty years' each on counts two and three. The trial court sentenced appellant in accordance with the jury's verdict and ordered the sentences stacked.[4]

In point one, appellant challenges the sufficiency of the evidence to prove venue in Denton County. Evidence is sufficient to prove venue if the jury may reasonably conclude that the offense was committed in the county alleged.[5] Venue need be proven only by a preponderance of the evidence.[6]

The complainant testified that appellant had vaginal and oral intercourse with her eight to ten times in his apartment. The manager of the apartment

---

[3] *Id.* § 22.011(a)(2)(A),(B).

[4] *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon 2006).

[5] *Rippee v. State,* 384 S.W.2d 717, 718 (Tex. Crim. App. 1964); *Rangel v. State,* 199 S.W.3d 523, 537 (Tex. App.—Fort Worth 2006), *pet. dism'd, improvidently granted,* 250 S.W.3d 96 (Tex. Crim. App. 2008).

[6] TEX. CODE CRIM. PROC. art. 13.17 (Vernon 2005).

2

complex where appellant lived during the time testified that the apartment was located in Denton County. This evidence is sufficient for the jury to reasonably conclude that the offenses occurred in Denton County. Point one is overruled.

Under his second point, appellant contends in two subpoints that the trial court abused its discretion in admitting in evidence the complainant's e-mail to the Dallas police and her sworn written statement.

The complainant's e-mail, State's Exhibit 4, was admitted for the record only. The following portions were read to the jury:

> I'm not entirely sure to whom I should be sending this. My name is [D.R.], and I live in Denton, Texas. I'm 20 years old and a new mother, something which has really given me reason to reopen the past I have been trying to forget. When I was 14 years old, I met Victor Vega online, who said he was 30, and we decided to meet up to have sex. He showed me some, and he asked me to pose for him to take pictures alone and with him, which I did.
> . . . .
>
> I don't know his address, but I do know that he is the owner of WolfPaw Hosting, http:\\www.wp.com. If I sent this to the wrong people, I apologize. If I can provide any more help, let me know. But, please, if anything at all can be done this many years after the fact. I can't stand the thought of my daughter going through the same things I did because of that. I only wish I had said something earlier instead of caring so much about whether my parents would find out. Thank you, [D.R.]. My address.

Appellant contends in subpoint 2A that these excerpts should not have been admitted because they contained hearsay; they did not satisfy the rule of optional completeness; and they harmfully bolstered the complainant's

3

testimony. Our review of the record, however, reveals that the facts contained in the excerpts were admitted elsewhere during trial without objection. The complainant testified, without objection, to her name and age; that she lived in Denton; that her new motherhood led her to talk to the police about appellant; that she was born in 1985 and met appellant online in 2000; that he was in his thirties; that they exchanged nude photographs; that they met to have sex; and that he owned a web-hosting site named WolfPaw.

A trial court's decision "overruling an objection to evidence will not result in reversal when other such evidence was received without objection either before or after the complained-of ruling."[7] Because the same facts contained in complainant's e-mail were admitted in evidence during trial without objection, appellant's complaint is waived. Subpoint 2A is overruled.

In subpoint 2B, appellant contends that the trial court abused its discretion in admitting the entire written statement the complainant gave to the Dallas Police Department, State's Exhibit 5, because it exceeded the scope of cross-examination, was unfairly prejudicial, and constituted bolstering. At trial, however, appellant merely objected to this statement on hearsay grounds.

---

[7] *Leday v. State,* 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); *Crocker v. State,* 573 S.W.2d 190, 201 (Tex. Crim. App. 1978 [Panel Op.]).

4

Therefore, the complaint is waived because it does not comport with the objection at trial.[8] Subpoint 2B is overruled.

In point three, appellant argues that the trial court abused its discretion in admitting during the punishment phase two computer disks seized from appellant's apartment because they were not properly authenticated and were unfairly prejudicial under Texas Rule of Evidence 403. Appellant cites no authority for his complaint that the exhibits were improperly authenticated. The complaint is, therefore, waived because it is inadequately briefed.[9] Appellant's complaint that the exhibits were unfairly prejudicial under rule 403 is also waived because appellant did not raise this objection to the exhibits at trial.[10] Point three is overruled.

In point four, appellant contends that the trial court abused its discretion in denying a mistrial during the punishment phase after an officer gave a nonresponsive answer to a question from appellant's counsel. During appellant's cross-examination of Detective LeFlore, the following exchange occurred:

---

[8] *See Heidelberg v. State,* 144 S.W.3d 535, 537 (Tex. Crim. App. 2004).

[9] *See* TEX. R. APP. P. 38.1(h); *In re J.B.W.,* 99 S.W.3d 218, 225 (Tex. App.—Fort Worth 2003, no pet.).

[10] *Heidelberg,* 144 S.W.3d at 537.

5

Q. I see Detective Cox's name in some of your reports. Did you work with Detective Cox on this?

A. I did.

Q. Is it fair to say you did the bulk of the investigative work here?

A. As far as this case goes, correct. Detective Cox was working on the child pornography case against Mr. Vega.

Counsel for appellant objected on the ground that the detective's answer was nonresponsive. The trial court sustained the objection, instructed the jury to disregard the detective's remark, and denied appellant's motion for mistrial.

Mistrial is an extreme remedy the denial of which is reviewed for an abuse of discretion.[11] Generally, an instruction to disregard cures any prejudice resulting from a nonresponsive answer.[12] A jury is presumed to follow the trial court's instructions.[13] We have held that an instruction cured prejudice from a police-officer witness's nonresponsive answer during the punishment phase where there was no evidence of bad faith.[14]

---

[11] *Hawkins v. State,* 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).

[12] *Ridyolph v. State,* 545 S.W.2d 784, 787 (Tex. Crim. App. 1977).

[13] *Colburn v. State,* 966 S.W.2d 511, 520 (Tex. Crim. App. 1998).

[14] *O'Dell v. State,* 651 S.W.2d 48, 52 (Tex. App.—Fort Worth 1983, pet. ref'd).

The trial court did not abuse its discretion in refusing to declare a mistrial. Appellant does not allege, and we find no evidence showing, that the detective acted in bad faith, and we find nothing in the record to rebut the presumption that the jury followed the trial court's prompt instruction to disregard.

Furthermore, there is ample evidence in the record establishing that appellant engaged in child pornography. Appellant had created his own DVD showing him engaged in sexual acts with the complainant when she was fifteen. Computer discs containing child pornography were found in appellant's apartment and representative of hundreds of similar discs. In view of the evidence that appellant had engaged in child pornography, the officer's mere mention that the police had investigated a child pornography case against appellant was not unfairly prejudicial. Point four is overruled.

Having overruled all of appellant's points, we affirm the judgment of the trial court.

PER CURIAM

PANEL: CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: August 14, 2008