COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-274-CR

 

 

VICTOR VEGA                                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 367TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Victor Vega appeals
his convictions for sexual assault of a child.[2]  We affirm.








Appellant met the complainant
on the internet when she was fourteen or fifteen and he was in his
thirties.  Over the course of the next
six months to a year, he had sex with her multiple times in his Denton County
apartment.

After a two-day jury trial,
appellant was found guilty on three counts of sexual assault of a child.[3]  Upon hearing additional evidence and
argument, the jury assessed punishment at fifteen years= confinement on count one and twenty years= each on counts two and three. 
The trial court sentenced appellant in accordance with the jury=s verdict and ordered the sentences stacked.[4]   

In point one, appellant
challenges the sufficiency of the evidence to prove venue in Denton
County.  Evidence is sufficient to prove
venue if the jury may reasonably conclude that the offense was committed in the
county alleged.[5]   Venue need be proven only by a preponderance
of the evidence.[6]  








The complainant testified
that appellant had vaginal and oral intercourse with her eight to ten times in
his apartment.  The manager of the
apartment complex where appellant lived during the time testified that the
apartment was located in Denton County. 
This evidence is sufficient for the jury to reasonably conclude that the
offenses occurred in Denton County.  Point
one is overruled.

Under his second point,
appellant contends in two subpoints that the trial court abused its discretion
in admitting in evidence the complainant=s e-mail to the Dallas police and her sworn written statement.

The complainant=s e-mail, State=s Exhibit 4, was
admitted for the record only. The following portions were read to the jury:

I=m not entirely sure to whom I
should be sending this. My name is [D.R.], and I live in Denton, Texas.  I=m 20 years old and a new mother, something which has really
given me reason to reopen the past I have been trying to forget.  When I was 14 years old, I met Victor Vega
online, who said he was 30, and we decided to meet up to have sex.  He showed me some, and he asked me to pose
for him to take pictures alone and with him, which I did.

. . . .

 

I don=t know his address, but I do know that he
is the owner of WolfPaw Hosting, http:\\www.wp.com.  If I sent this to the wrong people, I
apologize.  If I can provide any more
help, let me know.  But, please, if
anything at all can be done this many years after the fact.  I can=t stand the
thought of my daughter going through the same things I did because of
that.  I only wish I had said something
earlier instead of caring so much about whether my parents would find out.  Thank you, [D.R.]. My address.








Appellant contends in
subpoint 2A that these excerpts should not have been admitted because they
contained hearsay; they did not satisfy the rule of optional completeness; and
they harmfully bolstered the complainant=s testimony.  Our review of the
record, however, reveals that the facts contained in the excerpts were admitted
elsewhere during trial without objection. 
The complainant testified, without objection, to her name and age; that
she lived in Denton; that her new motherhood led her to talk to the police
about appellant;  that she was born in
1985 and met appellant online in 2000; that he was in his thirties; that they
exchanged nude photographs; that they met to have sex; and that he owned a
web-hosting site named WolfPaw.  

A trial court=s decision Aoverruling
an objection to evidence will not result in reversal when other such evidence
was received without objection either before or after the complained-of ruling.@[7]  Because the same facts
contained in complainant=s e-mail
were admitted in evidence during trial without objection, appellant=s complaint is waived.  Subpoint
2A is overruled.








In subpoint 2B, appellant
contends that the trial court abused its discretion in admitting the entire
written statement the complainant gave to the Dallas Police Department, State=s Exhibit 5, because it exceeded the scope of cross-examination, was
unfairly prejudicial, and constituted bolstering.  At trial, however, appellant merely objected
to this statement on hearsay grounds. 
Therefore, the complaint is waived because it does not comport with the
objection at trial.[8]  Subpoint 2B is overruled.

In point three, appellant
argues that the trial court abused its discretion in admitting during the
punishment phase two computer disks seized from appellant=s apartment because they were not properly authenticated and were
unfairly prejudicial under Texas Rule of Evidence 403.  Appellant cites no authority for his
complaint that the exhibits were improperly authenticated.  The complaint is, therefore, waived because
it is inadequately briefed.[9]  Appellant=s complaint that the exhibits were unfairly prejudicial under rule 403
is also waived because appellant did not raise this objection to the exhibits
at trial.[10]  Point three is overruled.

In point four, appellant
contends that the trial court abused its discretion in denying a mistrial
during the punishment phase after an officer gave a nonresponsive answer to a
question from appellant=s
counsel.  During appellant=s cross-examination of Detective LeFlore, the following exchange
occurred:








Q.     I see Detective Cox=s name in some of your
reports.  Did you work with Detective Cox
on this?

 

A.     I did.

 

Q.     Is it fair to say you did the bulk of the investigative work
here?

 

A.     As far as this case goes, correct.  Detective Cox was working on the child
pornography case against Mr. Vega.

 

Counsel for appellant objected on the ground that
the detective=s answer was
nonresponsive.  The trial court sustained
the objection, instructed the jury to disregard the detective=s remark, and denied appellant=s motion for mistrial.

Mistrial is an extreme remedy
the denial of which is reviewed for an abuse of discretion.[11]   Generally, an instruction to disregard cures
any prejudice resulting from a nonresponsive answer.[12]  A jury is presumed to follow the trial court=s instructions.[13]  We have held that an instruction cured
prejudice from a police-officer witness=s nonresponsive answer during the punishment phase where there was no
evidence of bad faith.[14]









The trial court did not abuse
its discretion in refusing to declare a mistrial.  Appellant does not allege, and we find no
evidence showing, that the detective acted in bad faith, and we find nothing in
the record to rebut the presumption that the jury followed the trial court=s prompt instruction to disregard. 


Furthermore, there is ample
evidence in the record establishing that appellant engaged in child
pornography.  Appellant had created his
own DVD showing him engaged in sexual acts with the complainant when she was
fifteen.  Computer discs containing child
pornography were found in appellant=s apartment and representative of hundreds of similar discs.  In view of the evidence that appellant had
engaged in child pornography, the officer=s mere mention that the police had investigated a child pornography
case against appellant was not unfairly prejudicial.  Point four is overruled.

Having overruled all of
appellant=s points, we
affirm the judgment of the trial court.

PER CURIAM

 

PANEL:  CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

 

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

 

DELIVERED:
August 14, 2008                              











[1]See Tex. R. App. P. 47.4.





[2]Tex. Penal Code Ann. 22.011(a)(2) (Vernon
2003).





[3]Id.'
22.011(a)(2)(A),(B).  





[4]See Tex. Code Crim. Proc. Ann. art.
42.08(a) (Vernon 2006).





[5]Rippee
v. State, 384 S.W.2d 717, 718 (Tex. Crim. App. 1964); Rangel
v. State, 199 S.W.3d 523, 537 (Tex. App.CFort Worth 2006), pet.
dism=d,
improvidently granted, 250 S.W.3d 96 (Tex. Crim. App. 2008).





[6]Tex. Code Crim. Proc. art. 13.17 (Vernon
2005).





[7]Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim.
App. 1998); Crocker v. State, 573 S.W.2d 190, 201 (Tex. Crim. App. 1978
[Panel Op.]).





[8]See
Heidelberg v. State, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004).





[9]See Tex. R. App. P. 38.1(h); In re J.B.W.,
99 S.W.3d 218, 225 (Tex. App.CFort Worth 2003, no pet.).





[10]Heidelberg, 144
S.W.3d at 537. 





[11]Hawkins
v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).





[12]Ridyolph
v. State, 545 S.W.2d 784, 787 (Tex. Crim. App. 1977).





[13]Colburn
v. State, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998).





[14]O=Dell
v. State, 651 S.W.2d 48, 52 (Tex. App.CFort
Worth 1983, pet. ref=d).