**Guillermo A. LUJAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 41249.

Court of Criminal Appeals of Texas.
May 29, 1968.

Joseph A. Calamia, El Paso, for appellant.

Barton Boling, Dist. Atty., John L. Fashing and Wanda E. Creamer, Asst. Dist. Attys., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The appeal is from an order revoking probation in a felony theft conviction upon a plea of guilty.

The judgment assessing punishment of 5 years and suspending the imposition of sentence was rendered January 17, 1967. Probation was revoked and sentence pronounced following a hearing on October 26, 1967.

The ground of revocation was the violation of the condition that the defendant Lujan commit no offense against the laws of this or any other state or the United States, in that on August 23, 1967, he committed the offense of theft of a television set, of the value of over $50, from Nate Stern.

Appellant's ground of error upon which he predicates his contention that the trial judge abused his discretion in revoking probation is:

"The trial court erred in overruling and denying appellant's objections, motions to exclude and motion to dismiss the revocation proceedings and in admitting in evidence, the courtroom identification of appellant, because such identification was the result or product of an illegal arrest of appellant, in violation of his rights under the 4th, 5th and 14th amendments to the United States Constitution, and Art. 38.23 of the Code of Criminal Procedure of the State of Texas, and Article I, Section 9, of the Texas Constitution."

Appellant offered in evidence at the hearing the complaint sworn to by one E.

Placencia on August 24, 1967, charging appellant with theft of the television set from Nate Stern. He also introduced the alias warrant of arrest issued by the Justice of the Peace on September 11, 1967, with return signed by Deputy Sheriff Arthur E. Weiss, showing execution of such warrant on September 21, 1967.

Appellant contends that (1) the complaint sworn to by E. Placencia did not state sufficient facts to satisfy the requirements of the constitution under the Supreme Court's decisions in Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503; Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; and Barnes v. Texas, 380 U.S. 253, 85 S. Ct. 942, 13 L.Ed.2d 818.

(2) Identification of a defendant made while he was illegally detained is inadmissible because it constitutes an illegal search and seizure as a result of an illegal arrest.

(3) The testimony given by the witnesses identifying appellant in court as the culprit (who committed the theft of the television set from Nate Stern on August 23, 1967) was the direct result of the illegal official seizure of his body and subsequently placing him in a lineup.

(4) The testimony of the witnesses at the revocation hearing establishes that their courtroom identification is based at least in part and is dependent upon the line-up identification or that it contributed to the in-court identification. Therefore, the in-court identification evidence is tainted and must be excluded. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441; United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; and Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, are cited.

We are unable to agree with either of these four contentions.

■ While the memorandum opinion of the Supreme Court in Barnes v. Texas, supra, may be subject to other constructions, we do not regard it as authority for appellant's contention that the complaint in which the affiant swore that appellant committed the theft of Nate Stern's television set was insufficient to authorize the issuance of the alias warrant of arrest. See Vallejo v. State, Tex.Cr.App., 408 S.W.2d 113; Cisco v. State, Tex.Cr.App., 411 S.W.2d 547; Aguirre v. State, Tex. Cr.App., 416 S.W.2d 406.

In Barnes v. Texas, supra, the warrant of arrest for the defendant's husband was relied on to warrant the seizure of marihuana which the defendant had in her possession in their home. The legality of an arrest of the husband under the warrant was not the issue.

The officer who swore to the complaint charging the husband of Barnes with theft was the same officer who obtained a search warrant (which the magistrate failed to sign) and who seized the marihuana.

In the case before us there is nothing to indicate that the purpose of the complaint was to secure a warrant to be used to search.[1] The officer who executed the warrant of arrest issued by the magistrate, by arresting appellant, did not make the complaint upon which the warrant issued. The issue is the legality of the arrest.

■ Surely it was not the intention of the Supreme Court to place upon an officer who serves a warrant of arrest issued by a magistrate, and delivered to him for service, the burden of ascertaining whether the complaining witness who swore to the complaint upon which the warrant issued had personal knowledge of the facts he

---

1. We direct attention to the fact that in Barnes v. Texas and in the case before us, the affiant swore that the offense was committed; not that affiant had reason to believe and did believe that the defend-

ant committed it. In neither complaint is there anything to show, indicate or suggest that the affiant had no personal knowledge of the facts he swore were true.

swore in the complaint were true before he attempts to execute the warrant.

Assuming that appellant's arrest under the alias warrant was unlawful, the return on such warrant reflects that the arrest was made on September 21, 1967, whereas the evidence elicited by appellant's counsel is to the effect that the lineup identification was in August 1967, shortly after the television set was stolen.

It follows that appellant was not in custody under the alias warrant offered by appellant at the time of the lineup.

Assuming, however, that appellant was identified in a lineup while under illegal arrest, we are aware of no authority holding that such fact alone would render the in-court identification by the same witnesses, based in part thereon, inadmissible.

In this connection it should be clearly understood that there is no contention or showing that the identification procedure at the lineup was unfair or prejudicial or that appellant was denied his right to counsel at the time. The sole complaint is that appellant was illegally restrained when identified at the lineup.

United States v. Wade, supra, and Gilbert v. California, supra, do not support appellant's ground of error.

Under the record, no abuse of discretion on the part of the trial judge in revoking probation is shown.

The judgment is affirmed.

CONCURRING OPINION

ONION, Judge.

I concur in the results reached by the majority since the return on the arrest warrant shows that the arrest was effected on September 21, 1967, and the lineup identification complained of occurred in August, 1967.

MORRISON, J., joins in this concurrence.