Frank James POLK, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 05–85–00491–CR.

Court of Appeals of Texas, Dallas.

Jan. 30, 1986.

R.K. Weaver, Royce West, Dallas, for appellant.

Elizabeth L. Phifer, Asst. Dist. Atty., Dallas, for appellee.

Before GUITTARD, C.J., and WHITHAM and DEVANY, JJ.

WHITHAM, Justice.

Appellant appeals a conviction for murder. In his first ground of error, appellant contends that the trial court erred in admitting into evidence appellant's confession because it was the fruit of an illegal arrest. We agree. We find no merit, however, in appellant's challenge to the sufficiency of the evidence argued in his second and final ground of error. Accordingly, we reverse and remand.

Richard Franchett was murdered on November 4, 1984. Police officer Jones suspected appellant of the crime and, to continue the investigation, checked the police department computer. Jones learned that an alias warrant for appellant's arrest was outstanding on a complaint issued appellant for violation of the Safety Responsibility Act, TEX.REV.CIV.STAT.ANN. art. 6701h (Vernon 1977 & Supp.1986). Jones confirmed by telephone that the arrest warrant was still outstanding, but did not see a copy of the complaint or alias warrant. Jones located appellant, gave him the warnings required under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and informed appellant that he was under arrest because of the alias warrant and that he was a suspect in the murder case. Jones then asked appellant if he had anything to say about the murder and appellant responded that he wished to give his side of the story. Appellant was taken to the police station and again given Miranda warnings but he was not taken before a magistrate, although magistrates were available. Approximately one hour after his arrest appellant gave his confession. Portions of the confession were introduced into evidence at trial.

Jones testified that, at the time appellant was arrested, no probable cause existed to arrest appellant for the murder of Franchett; that it would be accurate to say that appellant was arrested for investigative purposes; and that without the "ticket" or warrant, Jones would not have been able to "take him [appellant] downtown." At the hearing on appellant's motion to suppress the confession, the State conceded that "the underlying complaint [for violation of the Safety Responsibility Act] is obviously defective in that it does not state a date for the offense." On appeal the State does not argue that the underlying complaint was valid.

A complaint must state the time of the commission of the offense charged. TEX.CODE CRIM.PROC.ANN. art. 15.05 (Vernon 1977). An arrest warrant or misdemeanor capias issued pursuant to a defective affidavit or complaint is invalid and an arrest made under such an invalid warrant or capias is illegal. *Smyth v. State,* 634 S.W.2d 721 (Tex.Crim.App.1982); *Knox v. State,* 586 S.W.2d 504 (Tex.Crim.App. 1979). We conclude, therefore, that the complaint charging appellant with violation of the Safety Responsibility Act was defective because it failed to state the date upon which the offense occurred. We conclude further that the warrant under which appellant was arrested was invalid since it was based on a defective complaint. It follows, and we so hold, that the arrest based on the invalid warrant was illegal. Thus, we turn to the question of the admissibility of the confession obtained pursuant to the illegal arrest.

The trial court, in its findings of fact, referred to appellant's "voluntary statement," although the trial court did not expressly state that appellant's confession was voluntary. We conclude that the trial court found that appellant's confession was voluntary and further conclude that such a finding has support in the record. Because the trial court is the sole trier of fact at a hearing upon a motion to suppress, this court is not at liberty to disturb any finding supported by the record. *Green v. State,* 615 S.W.2d 700, 707 (Tex.Crim.App.1980), *cert. denied,* 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981). Appellant insists, however, that even if we conclude that his confession was voluntary, we are required to determine whether his confession was obtained by exploiting the illegal arrest. We agree. In determining the admissibility of a confession made after an illegal

arrest, the court must determine not only whether the confession was voluntary according to the usual Fifth-Amendment standards, but also whether, even though voluntary, it was obtained by exploiting an illegal arrest in violation of the Fourth Amendment. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Foster v. State*, 648 S.W.2d 31, 33 (Tex.App.—Dallas 1983), *aff'd*, 677 S.W.2d 507 (Tex.Crim.App.1984). Therefore, we reach appellant's argument that because his arrest was illegal, the "fruit" of that illegal arrest, the confession, was inadmissible at trial under U.S. CONST. amend. IV; TEX. CONST. art. I, § 9 and TEX. CODE CRIM.PROC.ANN. art. 38.23 (Vernon 1979). The trial court made no findings of fact on this issue.

In *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), the Supreme Court set out four factors to be considered in determining whether the taint of the illegal arrest is purged, rendering a confession admissible. These factors are:

(1) whether Miranda warnings were given;

(2) the temporal proximity of the arrest and the confession;

(3) the presence of intervening circumstances; and, particularly,

(4) the purpose and flagrancy of the official misconduct.

*Brown v. Illinois*, 422 U.S. at 603–04, 95 S.Ct. at 2261–62. The burden of showing admissibility rests on the prosecution, *Brown v. Illinois*, 422 U.S. at 604, 95 S.Ct. at 2262; *Foster v. State*, 648 S.W.2d at 33, and the burden is a heavy one. *Foster v. State*, 648 S.W.2d at 34. In the present case, we conclude that the State failed to meet this burden. We reach this conclusion because the State did not show the presence of intervening circumstances sufficient to dissipate the taint of the illegal arrest. As to such intervening circumstances, an event or circumstance need not actually "occur" after the arrest, but rather it must *manifest* itself so as significantly to intervene and thus attenuate the taint of the illegal arrest. *Foster v. State*, 677

S.W.2d at 509 (emphasis in original). Thus we turn to the record to determine whether there is an event or circumstance which occurred or manifested itself so significantly as to intervene and thus attenuate the taint of the illegal arrest. We find none.

Immediately following his arrest on the alias warrant, appellant was placed in a police car, informed that he was a suspect in the murder and asked by the arresting officer if he had anything to say about the murder. Appellant answered that he wished to give his side of the story, whereupon appellant was taken directly to the police station instead of being jailed on the alias warrant. Appellant was not taken before a magistrate, despite the mandate of TEX. CODE CRIM.PROC.ANN. art. 15.-17(a) (Vernon Supp.1986) and even though magistrates were available. Between the time of his arrest and his confession, appellant spoke only to police officers. *Compare Ussery v. State*, 651 S.W.2d 767, 771 (Tex.Crim.App.1983) ("while it is true that ... appellant was given coffee and allowed to talk with ... his alcoholic program counselor, we cannot say that there existed such intervening events which would break the connection between the confession and the arrest") (footnote omitted).

In its brief, the State asserts that "defendant's initiation of the conversation regarding the Franchett murder is an intervening circumstance, as is the fact that defendant was Mirandized five times before he signed a statement. Defendant's calm and cooperative attitude manifested his willingness to speak with police regarding the circumstances surrounding Franchett's murder." We disagree with the three prongs of the State's assertion. First, appellant did not initiate the conversation regarding the murder. Instead, the police initiated conversation about the murder when the arresting officer asked appellant if he had anything to say about the murder immediately after his arrest. Appellant began his confession immediately following his illegal arrest when he responded to the arresting officer that he wished to give his side of the story. The

record discloses nothing on appellant's part occurring before or after the illegal arrest that would manifest itself significantly to intervene between arrest and commencement of confession. We conclude, therefore, that nothing on appellant's part constitutes an intervening circumstance. Second, we reject the State's contention that the giving of Miranda warnings to appellant was an intervening circumstance which purged the taint of appellant's illegal arrest, noting that under *Brown*, whether a defendant is given Miranda warnings is a consideration different from whether any intervening circumstances exist. Moreover, in *Brown*, the Supreme Court specifically rejected a similar argument stating:

> If *Miranda* warnings, by themselves, were held to attenuate the taint of an unconstitutional arrest, regardless of how wanton and purposeful the Fourth Amendment violation, the effect of the exclusionary rule would be substantially diluted. Arrests made without warrant or without probable cause, for questioning or "investigation," would be encouraged by the knowledge that evidence derived therefrom could well be made admissible at trial by the simple expedient of giving *Miranda* warnings.

*Brown v. Illinois*, 422 U.S. at 602, 95 S.Ct. at 2261 (citations and footnotes omitted). Third, we conclude that appellant's asserted "willingness" to speak was not an intervening circumstance. We note that since appellant did not initiate the conversation concerning the murder, this case is distinguishable from those such as *Coleman v. State*, 643 S.W.2d 947 (Tex.Crim.App.1982) where a defendant makes spontaneous remarks that are not initiated as a result of police interrogation. Jones testified that after arresting appellant "I asked him if he had anything to say." The State apparently relies on appellant's response that he wished to give his side of the story to show a "willingness to speak" which was an intervening circumstance sufficient to dissipate the taint of the illegal arrest. We conclude, however, that the position urged by the State "betrays a lingering confusion between 'voluntariness' for the purposes of the Fifth Amendment and the 'causal connection' test established in *Brown*." *Green v. State*, 615 S.W.2d at 707 (quoting *Dunaway v. New York*, 442 U.S. 200, 219, 99 S.Ct. 2248, 2260, 60 L.Ed.2d 824 (1979)). That a confession is "voluntary" under the fifth amendment is merely a threshold requirement of admissibility, *Brown v. Illinois*, 422 U.S. at 604, 95 S.Ct. at 2262; indeed, if the fifth amendment has been violated, the fourth amendment issue would not have to be reached. *Dunaway v. New York*, 442 U.S. at 217, 99 S.Ct. at 2259. We hold, therefore, that the fact that no fifth amendment violation occurred cannot be used by the State as an intervening circumstance sufficient under the fourth amendment to dissipate the taint of an illegal arrest. Thus, even though the confession may have been voluntary, the State still bears the burden of proving that any causal connection between this willingness to confess and the illegal arrest has been broken. *Beasley v. State*, 674 S.W.2d 762, 768–69 (Tex.Crim.App.1982). Indeed, in the present case, the circumstances indicate that appellant gave his statement to the police as a result of the illegal arrest. The evidence does not show such "anxiety" to confess that it was an intervening circumstance breaking the causal connection between the arrest and the confession. It follows, and we so hold, that the State has failed to show that there was an intervening circumstance sufficient to dissipate the taint of the illegal arrest.

■ Our inquiry, however, does not end since the State, citing *United States v. Leon*, — U.S. ——, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), maintains that an exception to the general exclusionary rule exists when the arresting officer relies in good faith on a warrant which is later held to be invalid. The State argues that because the arresting officer relied in good faith on the warrant which proved to be invalid, the confession, even though the fruit of an illegal arrest, was admissible. Appellant, however, challenges the admissibility of his confession under TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon 1977), as well as under the fourth amendment of the United States Constitution and

article I, section 9 of the Constitution of the State of Texas. We decide the question raised by appellant solely on the basis of our interpretation of a state statute, article 38.23, which provides:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

Originally enacted in 1925, Act of March 9, 1925, ch. 49, 1925 Tex.Gen.Laws, Local & Spec. 186, *amended by* Act of June 28, 1929, ch. 45, 1929 Tex.Laws, 2nd Spec.Sess. 79, *amended by* Act of June 4, 1953, ch. 253, 1953 Tex.Gen.Laws 669, *amended by* Code of Criminal Procedure, ch. 722, art. 38.23, 1965 Tex.Gen.Laws 317, 470, and continuously in effect substantially unchanged in form, the Texas exclusionary rule presently embodied in article 38.23 predates application of the federal exclusionary rule established in *Weeks v. United States*, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914) to the states in *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Thus, long before required to do so under the decisions of the Supreme Court of the United States, the State of Texas made a decision to bar admissibility of evidence obtained in violation of the constitution or laws of the United States or of Texas. *See Howard v. State*, 617 S.W.2d 191, 193 (Tex.Crim.App.1979) ("we reaffirm . . . as a matter of state law . . . that the evidence seized incident to an arrest under an unconstitutional law is excludable under Texas law. *See* Art. I, Sec. 19, Texas Constitution; Art. 38.23 V.A.C.C.P. . . . Our own statutory exclusionary rule was enact-

ed and its constitutional bases were adopted long before *Mapp v. Ohio.*")

By its argument, the State would have us graft upon a statutory exclusionary rule the good faith exception to a judicially created exclusionary rule enunciated in *Leon*. We are unwilling to do so. When the Supreme Court holds that certain evidence is inadmissible because it was illegally obtained, state courts are clearly bound by such a holding. But when that court determines that the admission of certain evidence is not prohibited by the Constitution of the United States, a state court is free to make its independent determination of whether such evidence is admissible under state exclusionary rules. *Garza v. State*, 678 S.W.2d 183, 189 (Tex.App.—San Antonio 1984, pet. granted). The states are free to impose greater or additional restrictions than are required by the federal constitution if the citizens either by their Constitution or their Legislature so determine. *Milton v. State*, 549 S.W.2d 190, 192 (Tex. Crim.App.1977). We conclude that in Texas, the Legislature, in unambiguous language, has made the policy decision that all illegally obtained evidence must be excluded from all criminal trials. *Garza v. State*, 678 S.W.2d at 190–91. This court must defer to the express dictates of the Legislature and arguments urging that in certain situations the exclusionary rule should not be applied must, in Texas, be directed to the Legislature. *Garza v. State*, 678 S.W.2d at 191.[1] Therefore, we refuse the State's invitation to become judicial activists usurping the power of the Legislature. It follows, and we so hold, that article 38.23 bars admissibility of the fruits of illegal arrests and that no good faith exception exists under article 38.23.

▪ In summary, we hold that appellant's arrest was illegal, that the confession given by appellant was the fruit of the illegal arrest and that the State failed to meet its burden of proof showing that an intervening circumstance existed sufficient

---

1. In this regard, we note that bills which might have created the good faith exception urged here by the State were introduced during the 1985 session of the legislature but were not enacted. *See* HB 632, 69th Leg. (1985); SB 357, 69th Leg. (1985).

to dissipate the taint of the illegal arrest. We further hold that article 38.23 barred admissibility of appellant's confession and that article 38.23 contains no good faith exception. In view of our holding that the State failed to meet its burden of proof showing the presence of an intervening circumstance sufficient to dissipate the taint of an illegal arrest, we need not consider whether the officer was acting in good faith or was guilty of flagrant misconduct. We sustain appellant's first ground of error and must, therefore, reverse appellant's conviction. In light of appellant's second ground of error in which appellant asserts that the evidence was insufficient to support his conviction, we are constrained to address this point in order to decide whether to remand for new trial or order an acquittal. *Swabado v. State,* 597 S.W.2d 361, 364 (Tex.Crim.App.1980). *See Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

In his second ground of error, appellant contends that there is a variance between the indictment and the proof adduced at trial. The indictment charged appellant with the murder of "Richard Franchette." At trial, the deceased's mother testified that the deceased was named "Richard Franchett." The mother further testified that many people mispronounced the name by adding an "e" to the end and pronouncing the name "Franchetti (ph)." Appellant maintains that the rule of *idem sonans* does not apply because of this portion of the mother's testimony.

Appellant argues that the alleged "Franchette" and the proved "Franchett" create a fatal variance between pleading and proof. Because of this variance, appellant insists that the evidence is insufficient to support the conviction. Consequently, we must consider that contention before disposing of the case. *Swabado v. State,* 597 S.W.2d at 364; *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

The rule of *idem sonans* is that absolute accuracy in spelling a name is not required in a legal document or proceedings, either civil or criminal; that if the name, as spelled in the document, though different from the correct spelling thereof, conveys to the ear, when pronounced according to the commonly accepted method, a sound practically identical to the correct name as commonly pronounced, the name thus given is a sufficient identification of the individual referred to, and no advantage can be taken of the clerical error. *Dingler v. State,* 705 S.W.2d 144 (Tex.Crim.App.1984). In addition to the testimony quoted above, the deceased's mother also testified:

> [Prosecutor]: All right. But some of the—at some times during your life and the victim's life in this case, an "e" would be added to the end of the name, and it would still be pronounced Franchett (ph.); isn't that correct? ...
>
> [Mother]: Yes.

We conclude that this evidence is sufficient to establish that the name "Franchette," as spelled in the document, conveys to the ear, when pronounced according to the commonly accepted method, a sound practically identical to the correct name, "Franchett," as commonly pronounced. We conclude further that the name given in the indictment is sufficient identification of the murder victim.

It follows, and we so hold, that the rule of *idem sonans* applies in the present case and that no advantage can be taken of the clerical error. We conclude, therefore, that there is no variance between the indictment and the proof adduced at trial. Therefore, we conclude further that the evidence is sufficient to sustain the conviction. We overrule appellant's second ground of error.

Reversed and remanded.