Jack Wilmer EATMON, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–86–079–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 28, 1987.

John J. Knoff, Houston, for appellant.

Johnny B. Holmes, Jr. Dist. Atty., William J. Delmore, III, Patrick M. Kelly, Asst. Dist. Attys., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

This is an appeal from a bench conviction for possession of methamphetamine. Prior to trial, appellant filed a written motion to suppress the evidence seized and asserted as grounds for its suppression violation of his rights pursuant to Tex. Const. art. I, § 9, U.S. Const. amend. IV, Tex.Code Crim. Proc.Ann. art. 1.06 (Vernon 1977), and Tex. Code Crim.Proc.Ann. art. 38.23 (Vernon 1979). After his motion to suppress was overruled, appellant entered a plea of no contest. The trial court found him guilty and assessed punishment at confinement for ten years in the Texas Department of Corrections. In three points of error, appellant argues the trial court erred in denying his motion to suppress the evidence seized during a search of his house because the search warrant was not supported by probable cause. We agree and, accordingly, reverse the judgment of the court below.

In points of error one and two, appellant argues that the affidavit made by the police officer in support of the search warrant failed to establish probable cause for the issuance of the warrant. Specifically, he contends that the affidavit failed to set forth any facts demonstrating the informant's reliability or the basis of his knowledge. Moreover, appellant argues that there was no independent corroboration of

the informant's information to compensate for the deficiencies in the affidavit. Consequently, he concludes that because the search warrant was unsupported by probable cause, any evidence seized as a result of the warrant's execution should have been suppressed. We agree.

In determining whether the affidavit contains sufficient facts to establish probable cause for the issuance of the warrant, we utilize the "totality of the circumstances" analysis announced in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Under this analysis the informant's reliability and basis of knowledge, as established by the facts in the affidavit, are relevant considerations in probable cause determinations: "a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." 462 U.S. at 233, 103 S.Ct. at 2329. Corroboration of the details of an informant's tip by independent police work is another relevant consideration in the "totality of the circumstances" analysis. 462 U.S. at 241–242, 103 S.Ct. at 2334.

Here, the affidavit contains no facts to establish the informant's reliability. It states, "I [the police officer] was informed ... by a Person I know to be reliable, trustworthy and credible...." This mere assertion, without more, is insufficient to establish the informant's credibility. *Eisenhauer v. State*, 678 S.W.2d 947, 953 (Tex.Crim.App.1984). Moreover, the affidavit contains no facts indicating that any part of the informant's tip was corroborated by independent police work. Therefore, we conclude that the affidavit contains insufficient facts to constitute a substantial basis for the magistrate's determination of probable cause.

In response to appellant's points of error, the State makes three arguments in support of an affirmance of appellant's conviction. We have reviewed two of the arguments and find them to be without merit. However, in its third argument, the State contends that even if the affidavit failed to establish probable cause for the issuance of the warrant, suppression of the evidence seized need not result. It argues that this court may apply the good faith exception to the exclusionary rule announced in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

The *Leon* good faith exception has been applied in Texas cases wherein the defendant has relied upon the federal and Texas constitutions in seeking suppression of evidence obtained upon the basis of an invalid search warrant. *See Moffett v. State*, 716 S.W.2d 558, 566–567 (Tex.App.–Dallas 1986, no pet.). However, when the defendant relies on Tex.Code Crim.Proc.Ann. art. 38.23 (Vernon 1979) in seeking suppression of evidence obtained upon the basis of an invalid warrant, the *Leon* good faith exception has no applicability. *See Polk v. State*, 704 S.W.2d 929 (Tex.App.–Dallas 1986, pet. granted).

The State urges this court to reject the reasoning and holding of the Dallas Court of Appeals in *Polk*. It agrees that article 38.23 does render inadmissible any evidence obtained in violation of "the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States...." However, the State maintains that article 18.01(b) of the Texas Code of Criminal Procedure provides for a subjective evaluation of probable cause by a magistrate, to wit:

> No search warrant shall issue for any purpose in this state *unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance....* (emphasis added)

Because article 18.01(b) allows for a subjective determination of probable cause, the State argues that the legislature has incorporated a "good faith exception" into the Texas search warrant statute. Thus, it maintains that according to the law of Texas, if a magistrate is satisfied that an affidavit reflects sufficient probable cause the resulting warrant is not rendered invalid under article 18.01(b), regardless of whether a reviewing court subsequently finds the stated probable cause to be lacking.

While we understand the State's argument, we find that it is incomplete. The latter half of article 18.01(b) provides:

> *A sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested.* The affidavit is public information if executed. (emphasis added)

*See also* Tex.Code Crim.Proc.Ann. art. 1.06 (Vernon 1977).

Here, we have determined the affidavit filed did not set forth sufficient facts establishing probable cause. Thus, the warrant was issued in violation of article 18.01(b) and article 1.06. Consequently, pursuant to article 38.23, the evidence seized under the invalid warrant must be suppressed. We agree with the reasoning of our sister court in *Polk,* wherein it held that a good faith exception does not exist under article 38.23.

In summary, we conclude that the evidence seized as result of the invalid search warrant, which was unsupported by probable cause, should have been suppressed. We sustain points of error one and two.

We reverse the trial court's judgment and remand this cause.

ROBERTSON, Justice, dissenting.

I respectfully dissent.

The majority, agreeing with the Dallas court in *Polk v. State,* 704 S.W.2d 929 (Tex.App.–Dallas, 1986, pet. granted), holds that a good faith exception does not exist under article 38.23 Tex.Code Crim.Proc.

If I properly understand, *Polk* and the majority opinion herein hold that if it is determined that an arrest was made without probable cause or a search is made on a search warrant not supported by an affidavit reciting sufficient probable cause, the evidence obtained in either instance is inadmissible, period. In other words, the inquiry immediately ends as there can be no exception. I do not understand that to be the law. For instance, state law prohibits an illegal arrest but an illegal arrest does not *automatically* render a confession inadmissible. The question under such circumstances is whether "the illegality is sufficiently attenuated to remove the taint." *Foster v. State,* 677 S.W.2d 507 (Tex.Crim.App. 507 1984). Even though our state statutes do not recognize such exception, such an exception is allowed even in the face of article 38.23.

Our state statutes do not authorize an arrest or search under the "emergency doctrine," but the court of criminal appeals had held such searches lawful. *Bray v. State,* 597 S.W.2d 763 (Tex.Crim.App.1980). Thus, again, an exception is permitted to the proscriptions of article 38.23.

Another somewhat similar example of such an exception is in the area of identification procedures. Even though a suspect is illegally arrested and identified by witnesses in an illegal line-up proceeding, this does not automatically result in suppression of such witnesses identifying the accused at the time of trial. *Lujan v. State,* 428 S.W.2d 336 (Tex.Crim.App.1968); *Pichon v. State,* 683 S.W.2d 422 (Tex.Crim. App.1984).

In short, I disagree with the Dallas court that there are no exceptions to article 38.-23. And in view of the exceptions pointed out above, I would apply the well-reasoned and logical good faith exception fashioned by the supreme court in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

Further, the state argues, and I agree, that the Texas search warrant statute has a built-in good faith exception. Article 18.-01(b), Tex.Crim Proc. provides:

> (b) No search warrant shall issue for any purpose in this state *unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist* for its issuance. A sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested. The affidavit is public information if executed. [Emphasis supplied.]

As pointed out by the state, the key to article 18.01(b) is the requirement that the *magistrate* be satisfied that probable cause exists for the issuance of the warrant. If

he determines that probable cause does exist, the results of the search should not be automatically rendered inadmissible in the event some reviewing court later determines the stated probable cause is lacking. The state argues:

> The Legislature could have drafted the statute to read, "No search warrant shall issue ... unless a sworn affidavit setting forth substantial facts establishing probable cause be filed ..."; a purely objective test of probable cause would have resulted. Instead, the Legislature allowed the validity of the warrant to turn upon the *subjective* evaluation of probable cause by the issuing magistrate. Any other construction flies in the face of the unequivocal wording of the statute.

I agree, and therefore believe we should find the search valid and the drugs found as a result thereof admissible in evidence.