Manuel VASQUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–86–00476–CR.

Court of Appeals of Texas, San Antonio.

Sept. 9, 1987.

Jimmy Parks, San Antonio, for appellant.

W.C. Kirkendall, Dist. Atty., Seguin, for appellee.

Before ESQUIVEL, REEVES and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment of conviction in a felony possession of marijuana case. We affirm.

Appellant was indicted for felony possession of marijuana after several pounds of marijuana were found in his residence when it was searched pursuant to a search warrant. Appellant filed a motion to suppress evidence maintaining that the marijuana obtained pursuant to the search warrant was illegally seized in violation of appellant's Fourth Amendment rights. After a hearing, the trial court denied appellant's motion. Thereafter, in a bench trial, appel-

lant plead guilty to the charge and was placed on 10 years felony probation. From this judgment appellant has appealed to this Court. Appellant does not complain of the sufficiency of the evidence. Appellant complains that the trial court erred in not granting his motion to suppress evidence because the evidence "was garnered by police pursuant to a search warrant supported by an insufficient affidavit."

Appellant maintains that the affidavit upon which the search warrant was issued failed to supply probable cause for the issuance of the warrant.[1] Accordingly, appellant maintains that the subsequent search of his home pursuant to the search warrant violated the Fourth Amendment of the United States Constitution.

Appellant did not urge a violation of TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon 1979) either at trial or on appeal.[2] Accordingly we will only address appellant's federal constitutional arguments.

The specific language of the affidavit in question is as follows:

\* \* \* \* \* \*

AFFIANT HAS PROBABLE CAUSE FOR THE SAID BELIEF BY REASON OF THE FOLLOWING FACTS, TO WIT: AFFIANT IS A DETECTIVE WITH THE SEGUIN POLICE DEPARTMENT WITH 19 YEARS EXPERIENCE AND SPECIALIZING IN NARCOTICS INVESTIGATION. A RELIABLE CONFIDENTIAL INFORMANT WHO HAS ON MORE THAN FIVE PREVIOUS OCCASIONS PROVIDED INFORMATION WHICH RESULTED IN NARCOTICS CONVICTIONS ADVISED ME THAT MIGUEL VASQUEZ WAS IN POSSESSION OF MARIJUANA AT THE ABOVE DESCRIBED RESIDENCE WITHIN THE LAST 24 HOURS.

\* \* \* \* \* \*

---

1. The affidavit allegedly did not provide the magistrate with any information concerning the facts of the crime. Appellant contends it provided the magistrate with only a conclusory allegation that appellant possessed marijuana without describing how or why the informant knew appellant possessed marijuana.

2. We note that some of our courts have held that art. 38.23 contains no good faith exception. *Polk v. State*, 704 S.W.2d 929, 935 (Tex.App.—Dallas 1986, pet. granted).

There is no apparent defect on the face of the warrant in that it describes the premises to be searched and the contraband to be seized. There is no evidence in the record that the magistrate who issued the warrant is not detached and neutral. If the affidavit is lacking in probable cause, it is not so lacking in indicia of probable cause as to render unreasonable the official belief in its existence. However, we find it unnecessary to determine whether the search warrant in this case is in fact based on an inadequate probable cause. When the exclusionary rule is invoked because of an allegedly illegal search and seizure, reviewing courts may exercise an informed discretion in determining whether to decide first the validity of the search under the Fourth Amendment or the good faith of the officers in making the search. *United States v. Leon*, 468 U.S. 897, 905, 104 S.Ct. 3405, 3411, 82 L.Ed.2d 677 (1984).

In *Leon*, the Supreme Court declined to suppress evidence seized in the execution of a search warrant which was issued upon an affidavit lacking in probable cause. *United States v. Leon*, 486 U.S. at 905, 104 S.Ct. at 3411. The Supreme Court held that a good faith exception to the exclusionary rule exists when the arresting officer relies in good faith on a warrant which is later held to be invalid. *United States v. Leon*, 486 U.S. at 905, 104 S.Ct. at 3411.

In a recent case, not unlike the case before us, *Moffett v. State*, 716 S.W.2d 558, 566 (Tex.App.—Dallas 1986, pet. pending) the court followed the "good faith" standard enunciated by the United States Supreme Court in *United States v. Leon*, and held that suppression of evidence was not the remedy where the warrant was issued by a detached magistrate and relied upon in good faith by the officer obtaining same. In the case before us, we cannot say that the officer executing the warrant was entirely unreasonable in his belief that the warrant was supported by probable cause. In our opinion the officer acted in an objectively reasonable manner in relying on the search warrant.

We hold that the complained of evidence was admissible and not prohibited by the Fourth Amendment. The trial court did not err in denying appellant's motion to suppress.

Appellant's point of error is overruled and the judgment of the trial court is affirmed.