L. Patrick Davis d/b/a Areawide Bail Bonds v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-312-CR

     L. PATRICK DAVIS 
     D/B/A AREAWIDE BAIL BONDS,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 249th District Court
Johnson County, Texas
Trial Court # B200100002
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      L. Patrick Davis d/b/a Areawide Bail Bonds appeals from a judgment forfeiting a $25,000
appearance bond on which he was the surety.
      The clerk’s record was filed in this Court on October 9, 2001, and the reporter’s record was
filed in its entirety on December 3.


 Davis filed an agreed motion for an extension of time to file
his brief on January 2, 2002, stating that the parties had “arranged a meeting whereby this case
may be settled and all issues resolved.” We granted this motion and extended the deadline for the
filing of Davis’s brief to February 4.
      Davis requested an additional extension by motion filed on February 11. We granted this
motion on February 13. We extended the deadline to March 6. Davis filed an “unopposed”
extension request on March 6. He asked for an extension of sixty days to allow the parties to
settle their dispute. We granted the request only in part. We extended the deadline to April 8 and
notified Davis that further extensions would be disfavored.
      Davis filed another extension request on April 29. He requested an additional thirty days to
file his brief. We granted the request only in part. We notified Davis that his brief was due by
May 13 and warned him that if it was “not filed by that time, this appeal w[ould] be dismissed for
want of prosecution.” To date, no appellant’s brief has been filed. See Tex. R. App. P. 38.6(a).
      Appellate Rule 38.8(a)(1) provides that if an appellant fails to timely file his brief, the Court
may:
dismiss the appeal for want of prosecution, unless the appellant reasonably explains the
failure and the appellee is not significantly injured by the appellant’s failure to timely file
a brief.

Id. 38.8(a)(1).



      More than four months have passed since Davis’s brief was originally due. We warned him
that the appeal would be dismissed if he failed to file his brief by May 13. Id. 42.3(b), 38.8(a)(1). 
Davis has failed to comply. Therefore, this appeal is dismissed for want of prosecution. Id.
38.8(a)(1).
 
                                                                         PER CURIAM
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Dismissed for want of prosecution
Opinion delivered and filed May 22, 2002
Do not publish
[CV06]



Confidential for their safety and their families safety.
          The task of the issuing magistrate is simply to make a practical, common-sense decision
whether, given all the circumstances set forth in the affidavit before him, there is a fair probability
that contraband or evidence of a crime will be found in a particular place. Illinois v. Gates, 462
U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). The reliability of the affiant and
his sources of information are part of the "totality of the circumstances" that the magistrate should
evaluate in making his probable cause determination. Johnson v. State, 803 S.W.2d 272, 289
(Tex. Crim. App. 1990), cert. denied, —— U.S. ——, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991).
          The source of the informant's knowledge that Gilbert was selling cocaine was plainly
shown by the affidavit. See Elliott v. State, 687 S.W.2d 359, 362 (Tex. Crim. App. 1985). The
informant had personally witnessed Gilbert selling cocaine at his residence on the day the warrant
was issued. At the request of the affiant, the informant returned to the residence and purchased
two rocks of cocaine.
          The affiant attempted to establish the credibility of the confidential informant by noting:
"I have used this C.I. in the past and have made arrest on this C.I.'s information in the past and
I believe this Information to be true and correct." However, the affidavit did not address the
reliability of the information provided by the informant on the prior occasions. A mere assertion
or conclusion that an informer is credible, without more, is insufficient to establish credibility. 
Eisenhauer v. State, 678 S.W.2d 947, 953 (Tex. Crim. App. 1984). Unlike the informer in
Eisenhauer, the confidential informant in this case did not predict Gilbert's future actions. See
id. at 955. Neither did the officer personally verify any of the information given him by the
informant. See id. Therefore, we conclude that the affidavit contained insufficient facts to
constitute a substantial basis for the magistrate's determination of probable cause. See Eatmon v.
State, 738 S.W.2d 723, 724 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd).
          The State contends that, even if the affidavit failed to establish probable cause for the
search warrant, the good-faith exception to the exclusionary rule should apply. See United States
v. Leon, 468 U.S. 897, 919-21, 104 S.Ct. 3405, 3418-19, 82 L.Ed.2d 677 (1984). While the
exception enunciated in Leon appears more flexible in allowing a good-faith exception if the
officer's belief in probable cause is reasonable, the good-faith exception of article 38.23(b) of the
Texas Code of Criminal Procedure requires a finding of probable cause. Gordon v. State, 801
S.W.2d 899, 912-13 (Tex. Crim. App. 1990); Tex. Code Crim. Proc. Ann. art. 38.23(b)
(Vernon Supp. 1992). Because the warrant was not "issued by a neutral magistrate based on
probable cause," the law enforcement officer could not obtain evidence "in objective good faith
reliance" upon it. See id. (emphasis added).
          The State contends that the basis of the court's ruling in favor of suppression was the
State's failure to disclose the identity of the confidential informant. After ordering the State to
divulge the identity of the confidential informant, the court made the following comment:
Just my gut feeling if this fact situation doesn't require [divulging the identity of
an informant] then none would because this guy hasn't even been proven reliable. He has
one previous incident where they used him and none since and no corroboration. And the
entire episode being based on what he told them that he had done, to wit, buy crack. And
he didn't even say who he bought it from. Said he bought it at the residence of the
accused. You want to just make a decision on whether you want to divulge or not?

(Emphasis added).
          Although the trial court was apparently concerned about the identity of the confidential
informant, the court was particularly troubled by the failure to establish the informant's reliability. 
Because the probable cause requirement was not satisfied, the evidence seized under the invalid
warrant was properly suppressed. See Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon Supp.
1992). Therefore, we do not reach the State's point regarding the identity of the confidential
informant.
          The trial court's order suppressing the evidence is affirmed.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed February 5, 1992
Do not publish