Judy LINDLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–88–00003–CR.

Court of Appeals of Texas,
Tyler.

March 24, 1989.

On Rehearing May 19, 1989.

Rehearing Denied Aug. 15, 1989.

Clifton L. Holmes, Longview, for appellant.

David Brabham, Crim. Dist. Atty., C. Patrice Savage, Asst. Dist. Atty., Longview, for appellee.

BILL BASS, Justice.

This appeal is from a conviction for aggravated possession of cocaine with the intent to distribute. A jury found the appellant guilty, assessed her punishment at fifty years' confinement, and a fine of $100,000.00. We reverse.

In September of 1986, a drug investigation centered on an apartment at 110 East Hawkins Parkway in Longview, Texas. Appellant was the lessee of said apartment. From September 4 to September 12 of 1986, a twenty-four-hour surveillance was conducted by members of the Department of Public Safety's (hereinafter DPS) narcotics unit, Gregg County Sheriff's Department, and the Longview Police Department. The court ordered a wiretap of the incoming and outgoing phone calls at the apartment. The narcotics agents also watched the comings and goings of a black Z–28 that was driven by appellant and her husband. On September 12, 1986, appellant's husband was followed to and from Dallas. On that same day, a search warrant was obtained to search appellant's

apartment and "all vehicles known by the affiant to be under the care and control of John Harley Lindley and Judith Parrish Lindley." A search of the apartment was made and 1443.6 grams (3.18 pounds) of cocaine and 17.1 grams of marihuana were found. A search of the black Z–28 was also conducted and a briefcase was found in the trunk portion of the vehicle. The briefcase contained notebooks and other various items which indicated that appellant was involved in drug trafficking.

In her first point of error, appellant contends that there was no showing of probable cause to support the issuance of the search warrant. Appellant argues that, although there might have been probable cause that John Lindley had committed a crime, there is nothing in the affidavit to support a finding of probable cause to believe that cocaine was on the premises to be searched. Specifically, she argues that the affidavit entirely fails to establish a nexus between the place to be searched and the evidence sought by the warrant.

Probable cause to believe a person has committed a crime does not automatically supply probable cause to search that person's home for evidence of the crime. *U.S. v. Freeman*, 685 F.2d 942 (5th Cir.1982); *Johnson v. State*, 722 S.W.2d 417 (Tex.Cr. App.1986). Where the facts and circumstances within the knowledge of a police officer, arising from a reasonably trustworthy source, would warrant a man of reasonable caution in the belief that items of contraband or evidence of a crime may presently be found in a specified place, there is probable cause to issue a warrant to search that place. *Cassias v. State*, 719 S.W.2d 585 (Tex.Cr.App.1986).

In the instant case, police relied upon three conversations recorded by the wiretap to establish probable cause. The affidavit shows that on September 5, 1986, the surveillance team observed an individual identified as Kathy Rector enter appellant's apartment. Rector placed an outgoing phone call to her mother. Her mother asked, "O.K., what I'm saying is are you going to be able to get it?," to which Rec-

tor replied, "Yeah." Her mother then asked, "The speed or the coke?"

On September 8, 1986, John Lindley discussed the sale of "cases of champagne." He offered to sell ten "cases of champagne" at $1,200.00 per case. The affiant of the search warrant stated that based on his experience as a narcotics investigator, he was aware that the common price of 10 ounces of cocaine would be approximately $1,200.00. Affiant further stated in the warrant that the phrase "cases of champagne" is used by drug traffickers to refer to controlled substances, especially when such controlled substances are discussed over the telephone. Also during this conversation, the caller asked appellant's husband, "You got ten?" Appellant's husband replied, "Right now, yeah I'm sittin' right on here."

On September 10, 1986, a woman named Kristie called John Lindley and said, "I have that, that fertilizer that you needed." Appellant's husband replied, "Well, why don't you come by and see me?" Affiant stated in the affidavit that "fertilizer" is used by persons who distribute cocaine to mean money.

The affidavit supporting the search warrant contains factual allegations that establish a nexus between the place to be searched, the apartment, and the evidence sought by the warrant—cocaine. Applying the *Cassias* standard to the facts in this case, we find that there was probable cause to support the issuance of the search warrant. The first point is overruled.

In point of error number two, appellant contends that the search warrant was invalid because the facts attested to were not so closely related to the time of issuance to warrant as to justify a finding of probable cause at that time.

Probable cause to support the issuance of a search warrant exists where the facts submitted to the magistrate are sufficient to justify a conclusion that the object of the search is probably on the premises to be searched at the time the warrant is issued. *Cassias*, 719 S.W.2d at 587. The amount of delay that will make information stale for purposes of obtaining a search warrant

depends upon the particular facts of a case, including the nature of the criminal activity and the type of evidence sought. *Ellis v. State*, 722 S.W.2d 192, 196 (Tex.App.—Dallas 1986, no pet.). A mechanical calculation of elapsed time is of little assistance in this determination. Considerable deference should be given to the magistrate's judgment based on the facts before him, absent arbitrariness. *Id.*

The search warrant was issued at 4:15 p.m. on September 12, 1986. The phone calls that were the basis for the issuance of the warrant occurred on the 5th, 8th, and 10th days of September. The conversations recorded on each of these days indicated that appellant was trafficking in controlled substances from the apartment. Further, the affiant states in his affidavit that persons who distribute controlled substances commonly keep detailed records of the amounts of controlled substances that have been distributed, the amount of money that has been received, the amount of money that is to be received, and the names of those persons who are co-conspirators. The affiant stated that throughout the conduct of the court-authorized wiretap interceptions, John Lindley made reference to such records being kept by himself.

A search warrant affidavit must be read using common sense, and reasonable inferences may be drawn from the facts and circumstances contained within its four corners. *Cassias*, 719 S.W.2d at 587–588.

In the present case, it is a reasonable inference that an individual who, during a seven-day period, (1) is recorded trying to distribute cocaine, (2) uses drug slang in conversations, and (3) apparently keeps records of drug transactions is involved in a continuous course of conduct involving the sale of cocaine. We hold that the information relied upon to establish probable cause to search the apartment for cocaine had not grown stale. Appellant's point of error number two is overruled.

In point of error number five, appellant claims that the search warrant was invalid because it did not sufficiently describe the items to be seized.

The Fourth Amendment to the United States Constitution and Tex.Const. art. I, § 9, prohibit general warrants which fail to particularly describe the property to be seized and allow general exploratory searches. *Ellis v. State*, 714 S.W.2d 465, 470 (Tex.App.—Houston [1st Dist.] 1986, no pet.); *Gonzales v. State*, 577 S.W.2d 226 (Tex.Cr.App.1979), *cert. denied*, 444 U.S. 853, 100 S.Ct. 109, 62 L.Ed.2d 71 (1979). Further, Tex.Code Crim.Proc.Ann. art. 18.-04(2) (Vernon 1977) requires that the warrant must describe as nearly as possible the items to be seized. The requirement that the search be specific prohibits general searches and prevents the vesting of complete discretion in the officer who executes the warrant. *Chambers v. State*, 508 S.W.2d 348, 352 (Tex.Cr.App.1974).

The requirement for a sufficiently particular description can vary according to what is being described. *Walthall v. State*, 594 S.W.2d 74, 78 (Tex.Cr.App.1980). In a search for property which by reason of its character is illegal, a specific description is unnecessary and ordinarily impossible. *Gonzales*, 577 S.W.2d at 229.

The description of the property that is in dispute appears as follows:

3. IT IS THE BELIEF OF AFFIANT, AND AFFIANT HEREBY CHARGES AND ACCUSES THAT SAID SUSPECTED PARTY HAS POSSESSION OF AND IS CONCEALING AT SAID PLACE IN VIOLATION OF THE LAWS OF TEXAS THE FOLLOWING DESCRIBED PERSONAL PROPERTY, TO WIT:

The persons named in the above paragraph (number 2) knowingly and intelligently are engaging in the delivery and possession with intent to deliver a controlled substance, to-wit: Cocaine in violation of the Texas Controlled Substances Act, Article 4476–15.

Appellant argues that this language merely accuses the named "suspected parties" of violating the law and makes no attempt to name, categorize, specify, or otherwise identify the items for which the search warrant is sought.

In *Gonzales*, the court reviewed decisions of several appellate courts and stated:

> ⸱[C]ourts have also upheld the seizure of controlled substances and dangerous drugs under warrants whose descriptions make statutory references. Compare, e.g., *Ex parte Gomez*, 389 S.W.2d 308 (Tex.Cr.App.1965), *cert. denied* 386 U.S. 937, 87 S.Ct. 958, 17 L.Ed.2d 810 (1967) ("Narcotic Drugs and Narcotic Paraphernalia unlawfully possessed in violation of the Uniform Narcotic Drug Act, being Article 725B of Vernon's Annotated Penal Code, State of Texas"); *People v. Leahy*, 173 Colo. 339, 484 P.2d 778 (1970) ("any and all narcotics and dangerous drugs as defined by the applicable Colorado Statutes, the possession of which is illegal."); *People v. Schmidt*, 172 Colo. 285, 473 P.2d 698 (1970); ("Marihuana, (Cannabis Sativa L.) Dangerous Drugs, Stimulant Drugs, and Hallucinogenics, as defined in House Bill # 1021 ..."); and *State v. Hamilton*, 236 N.W.2d 325 (Iowa, 1975) ("any and all controlled substances as defined in [Chapter] 205 of the 1973 Code of Iowa.").

*Id.* at 229.

Further, generic descriptions without express statutory references have been upheld. *Gonzales*, 577 S.W.2d at 229. In *Gonzales*, the court held that the description "drugs or dangerous drugs" unlawfully kept and possessed was not a general warrant.

Appellate courts are to apply a common sense and realistic approach to the interpretation of a warrant and avoid a hypertechnical analysis. *Faulkner v. State*, 537 S.W.2d 742, 744 (Tex.Cr.App.1976). Here, the description of the property to be seized indicates that appellant and her husband were in possession of cocaine in violation of the Controlled Substances Act, Art. 4476–15. The warrant was not a general warrant in violation of the Fourth Amendment, Tex.Const. art. I, § 9, or Tex.Code Crim. Proc.Ann. art. 18.04. Point of error number five is overruled.

In point of error number three, appellant contends that the evidence obtained by the execution of the search warrant should not have been admitted because the warrant failed to particularly describe the vehicle to be searched. In point of error number four, appellant argues that the search of the automobile and the briefcase found therein exceeded the scope of the search warrant.

A search warrant must describe the location to be searched in sufficient detail to enable the searching officer to distinguish it from other places. *Etchieson v. State*, 574 S.W.2d 753, 759 (Tex.Cr.App.1978), *cert. denied*, 440 U.S. 936, 99 S.Ct. 1282, 59 L.Ed.2d 495 (1979). The warrant must be sufficient on its face to enable *any* executing officer to locate and distinguish the property, avoiding a reasonable probability of mistaken execution. *Olivas v. State*, 631 S.W.2d 553, 556 (Tex.App.—El Paso 1982, no pet.). The validity of the warrant cannot depend upon the individualized, supplementary knowledge of one officer. *Id.*

In this case, the officer making the affidavit sought permission to search "vehicles known by Affiant to be under the care and control of John Harley Lindley and Judith Parrish Lindley." Nowhere within the affidavit are these "vehicles" further described.

The State argues that, after the officers had found cocaine and marihuana in the house described in the warrant, probable cause existed to search the Z–28. We agree. In fact, probable cause to search the Z–28 undoubtedly existed when the affidavit was made and the warrant issued.

The State also argues that only unreasonable searches are prohibited by the Fourth Amendment. However, this does not dispense with the warrant requirement. What is reasonable may vary according to the circumstances of each case. It cannot be defined in absolute terms nor determined by a rigid formula. *Long v. State*, 532 S.W.2d 591, 596 (Tex.Cr.App.1975), *cert. denied*, 425 U.S. 937, 96 S.Ct. 1670, 48 L.Ed.2d 179 (1976). Nevertheless, absent exigent circumstances, probable cause remains a determination that must be made by a magistrate. The warrant in this case did not adequately describe the vehicle to

be searched. The Z–28 was one of several vehicles parked at the apartment house wherein the searched apartment was located. There was no visible connection between the place searched and the Z–28. The car was not within the curtilage of the searched premises as in *Keen v. State,* 626 S.W.2d 309 (Tex.Cr.App.1981). The State concedes that to justify a warrantless search there must be exigent circumstances. The record is devoid of any evidence that exigent circumstances existed to search the Z–28. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

An officer unfamiliar with the prior investigation could not have determined that the Z–28 was the car to be searched. The proper execution of the search warrant depended on the supplementary knowledge of the executing officer. This will not suffice *Olivas,* supra.

The State also argues that since appellant did not object to the search on State statutory grounds, the evidence recovered from the Z–28 was admissible under the *Leon* good faith exception to the exclusionary rule.[1]

The appellant objected to the admission of the evidence based on State constitutional grounds as well as Tex.Code Crim.Proc. art. 38.23 (Vernon Supp.1989). The *Leon* good faith exception has been applied in Texas cases wherein the defendant has relied upon the United States Constitution in seeking suppression of evidence obtained upon the basis of an invalid warrant. *See Moffett v. State,* 716 S.W.2d 558, 566–567 (Tex.App.—Dallas 1986), *pet. ref'd,* 750 S.W.2d 790 (1988).

However, when the defendant relies on State Constitutional grounds or article 38.-23 in seeking suppression of evidence obtained upon the basis of an invalid warrant, the *Leon* good faith exception has no applicability.[2] *Polk v. State,* 704 S.W.2d 929 (Tex.App.—Dallas 1986), *aff'd,* 738 S.W.2d 274; *Kosanda v. State,* 727 S.W.2d 783 (Tex.App.—Dallas 1987, pet. ref'd); *Eatmon v. State,* 738 S.W.2d 723 (Tex.App.—Houston (14th Dist.) 1987, pet. ref'd); *Lighter v. State,* 741 S.W.2d 568 (Tex.App.—Beaumont 1987, pet. ref'd). The point is sustained.

The evidence recovered from the Z–28 was improperly admitted into evidence. This evidence was crucial to the State's prosecution against the appellant and therefore we reverse and remand the case to the trial court.

## ON MOTION FOR REHEARING

The State in its motion for rehearing complains that this Court erred in sustaining appellant's third and fourth points of error. Appellant in those points of error complained that evidence obtained as a result of a search of his vehicle was improperly admitted into evidence because the search warrant failed to particularly describe the vehicle and, consequently, the search exceeded the scope of the warrant. Although the State failed to argue that the appellant did not preserve such grounds for review by this Court on original submission, in its motion for rehearing the State strenuously argues that appellant failed to object to the search on these grounds. We agree with the State's contention and, accordingly, our opinion dated March 24, 1989, is withdrawn and the following is substituted.

This appeal is from a conviction for aggravated possession of cocaine with the

---

1. *See United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

2. Act of June 18, 1987, ch. 546, § 1, 1987 Tex. Sess.Law Serv. 4406 (Vernon), added this section to Tex.Code Crim.Proc. at 38.23, expressly providing a good faith exception under State law:

   (b) It is an exception to the provisions of Subsection (a) of this Article that evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a

warrant issued by a neutral magistrate based upon probable cause.

However, the amending Act, effective September 1, 1987, expressly provides: "[T]he change in the law made by this Act applies only to the admissibility of evidence obtained on or after the effective date of this Act." The search in the instant case occurred on September 12, 1986. Therefore, the new statutory good faith exception is not applicable.

intent to distribute. A jury found the appellant guilty, assessed her punishment at fifty years' confinement, and a fine of $100,000.00. We affirm.

In September of 1986, a drug investigation centered on an apartment at 110 East Hawkins Parkway in Longview, Texas. Appellant was the lessee of said apartment. From September 4 to September 12 of 1986, a twenty-four-hour surveillance was conducted by members of the Department of Public Safety's (hereinafter DPS) narcotics unit, Gregg County Sheriff's Department, and the Longview Police Department. The court ordered a wiretap of the incoming and outgoing phone calls at the apartment. The narcotics agents also watched the comings and goings of a black Z–28 that was driven by appellant and her husband. On September 12, 1986, appellant's husband was followed to and from Dallas. On that same day, a search warrant was obtained to search appellant's apartment and "all vehicles known by the affiant to be under the care and control of John Harley Lindley and Judith Parrish Lindley." A search of the apartment was made and 1443.6 grams (3.18 pounds) of cocaine and 17.1 grams of marihuana were found. A search of the black Z–28 was also conducted and a briefcase was found in the trunk portion of the vehicle. The briefcase contained notebooks and other various items which indicated that appellant was involved in drug trafficking.

In her first point of error, appellant contends that there was no showing of probable cause to support the issuance of the search warrant. Appellant argues that, although there might have been probable cause that John Lindley had committed a crime, there is nothing in the affidavit to support a finding of probable cause to believe that cocaine was on the premises to be searched. Specifically, she argues that the affidavit entirely fails to establish a nexus between the place to be searched and the evidence sought by the warrant.

■ Probable cause to believe a person has committed a crime does not automatically supply probable cause to search that person's home for evidence of the crime. *U.S. v. Freeman,* 685 F.2d 942 (5th Cir.1982); *Johnson v. State,* 722 S.W.2d 417 (Tex.Cr.App.1986). Where the facts and circumstances within the knowledge of a police officer, arising from a reasonably trustworthy source, would warrant a man of reasonable caution in the belief that items of contraband or evidence of a crime may presently be found in a specified place, there is probable cause to issue a warrant to search that place. *Cassias v. State,* 719 S.W.2d 585 (Tex.Cr.App.1986).

■ In the instant case, police relied upon three conversations recorded by the wiretap to establish probable cause. The affidavit shows that on September 5, 1986, the surveillance team observed an individual identified as Kathy Rector enter appellant's apartment. Rector placed an outgoing phone call to her mother. Her mother asked, "O.K., what I'm saying is are you going to be able to get it?," to which Rector replied, "Yeah." Her mother then asked, "The speed or the coke?"

On September 8, 1986, John Lindley discussed the sale of "cases of champagne." He offered to sell ten "cases of champagne" at $1,200.00 per case. The affiant of the search warrant stated that based on his experience as a narcotics investigator, he was aware that the common price of 10 ounces of cocaine would be approximately $1,200.00. Affiant further stated in the warrant that the phrase "cases of champagne" is used by drug traffickers to refer to controlled substances, especially when such controlled substances are discussed over the telephone. Also during this conversation, the caller asked appellant's husband, "You got ten?" Appellant's husband replied, "Right now, yeah I'm sittin' right on here."

On September 10, 1986, a woman named Kristie called John Lindley and said, "I have that, that fertilizer that you needed." Appellant's husband replied, "Well, why don't you come by and see me?" Affiant stated in the affidavit that "fertilizer" is used by persons who distribute cocaine to mean money.

The affidavit supporting the search warrant contains factual allegations that estab-

lish a nexus between the place to be searched, the apartment, and the evidence sought by the warrant—cocaine. Applying the *Cassias* standard to the facts in this case, we find that there was probable cause to support the issuance of the search warrant. The first point is overruled.

■ In her four remaining points of error, appellant raised the following contentions: (2) the search warrant was invalid because the facts attested to were not so closely related to the time of the issuance of the warrant as to justify a finding of probable cause at that time; (3) the evidence obtained by the execution of the warrant should not have been admitted because the warrant failed to particularly describe the vehicle to be searched; (4) the search of the automobile and the briefcase found therein exceeded the scope of the search warrant; and (5) the search warrant was invalid because it did not sufficiently describe the items to be seized.

In our original opinion we reversed and remanded this cause for a new trial based on points three and four as listed above. However, we are now persuaded that none of these contentions were preserved for review by this Court.

The appellant made the following objection to the admission of the evidence recovered as a result of the search of the apartment and automobile:

Your Honor, I'm going to dictate what I will refer to as Defendant's Trial Objection Number 1, which is an objection to going to admissibility of all items of evidence, both physical, documentary, and testimentary [sic] obtained as a result of a search of the Defendant's residence at 110 Hawkins Parkway, Apartment 1098, and the search of a black Z–28 automobile located in the parking lot of that apartment complex. Defendant is going—or does object to the admissibility of any of that evidence on the grounds that same was obtained by means of a search warrant which was issued based on inadequate or no probable cause, a search warrant which was based on an illegal wire intercept, and an illegal pin register, both of which were obtained in violation

of the statutory provisions of the Texas Code of Criminal Procedure, both of which based on inadequate or no probable cause that, in fact, the search which was issued and made the basis of the search resulting in this evidence, physical evidence was obtained in a bootstrap fashion, basing the probable cause for the search warrant on an illegal pin register and wire intercept. Defendant would show that that search violates her rights under the Fourth Amendment to the United States Constitution and the search provisions of the Texas Constitution, as well as Article 38.23 of the Texas Code of Criminal Procedure.

That would be our objection, Your Honor, to matters obtained as a result of that specific search on that apartment and on that automobile.

Although there is general language claiming that the search violated both the state and federal constitutions, it is clear from the context of the objection that appellant was basing his objection to the search solely on the ground that there was no or insufficient probable cause for the issuance of the search warrant.

Although appellant based his trial objection on that ground, he now complains on appeal that the search warrant and search were violative of his rights on numerous other legal theories.

■ The error presented on appeal must be the same as the objection raised before the trial court. *Nelson v. State*, 607 S.W.2d 554, 555 (Tex.Cr.App.1980) (panel opinion). Appellant's contentions in points of error 2–5 differ from her trial objection. Since that is the case, appellant has not preserved those contentions for review. *See Bennett v. State*, 742 S.W.2d 664, 673 (Tex.Cr.App.1987); *Hodge v. State*, 631 S.W.2d 754, 757 (Tex.Cr.App.1982).

There is some general language in appellant's trial objection that states that the search violates both his federal and state constitutional rights. That language appears as follows:

Defendant would show that that search violates her rights under the Fourth

Amendment to the United States Constitution and the search provisions of the Texas Constitution, as well as Article 38.23 of the Texas Code of Criminal Procedure.

As stated earlier, this statement, taken in context with appellant's trial objection, reflects that her objection is based solely on the ground that the warrant was not supported by probable cause. However, if this portion of the objection could be segregated from the remainder of the objection, it would still not be sufficiently specific to support her contentions on appeal. Points of error 2–5 are overruled.

The judgment of the trial court is affirmed.