IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-177-CR




JAMES DAVID HARRISON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT



NO. 89-339, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING



 




 Appellant Harrison appeals his conviction for possession of cocaine in an amount
of less than twenty-eight grams. Appellant entered a plea of nolo contendere to the indictment in
a bench trial after waiving trial by jury. The trial court deferred adjudication of guilt and placed
appellant on probation for a period of five years subject to certain conditions. Appellant gave
notice of appeal under Tex. R. App. P. 40(b)(1). An appeal from a judgment or order granting
a deferred adjudication is now permissible. See Dillehey v. State, 819 S.W.2d 623 (Tex. Crim.
App. 1991).

 Appellant advances six points of error. In three points of error, appellant contends
that the trial court erred in failing to grant his motion to suppress evidence in light of the Fourth
and Fourteenth Amendments, United States Constitution; Article I, section 9, Texas Constitution;
and Tex. Code Crim. Proc. Ann. art. 38.23 (West Supp. 1993), "as there was no probable cause
established in the affidavit in support of the search warrant." In his fourth point of error,
appellant urges that the trial court erred in failing to grant the suppression motion because the
search warrant was based upon an affidavit which included false or recklessly misleading
information. In his last two "points," appellant contends that the good faith exception of United
States v. Leon, 468 U.S. 897 (1984), and the good faith exception of article 38.23 of the Texas
Code of Criminal Procedure (1) do not apply in the instant case. These "points" are supporting
arguments, not points of error.

 Appellant filed two pretrial motions to suppress evidence. The first motion sought
to suppress all evidence seized as a result of the execution of the search warrant based on an
affidavit that did not reflect probable cause. The second motion was a Franks v. Delaware, 438
U.S. 154 (1978), motion alleging falsehood and reckless disregard for the truth by the affiant. 
See Dancy v. State, 728 S.W.2d 772, 781 (Tex. Crim. App. 1987), cert. denied, 484 U.S. 975
(1987); Ramsey v. State, 579 S.W.2d 920, 922 (Tex. Crim. App. 1979). After an evidentiary
hearing, the motions were overruled. Appellant subsequently entered his nolo contendere plea
in accordance with a plea bargain agreement.

 An affidavit in support of a search warrant must contain sufficient information to
support the magistrate's finding of probable cause. Keen v. State, 626 S.W.2d 309, 312 (Tex.
Crim. App. 1981); Mayfield v. State, 800 S.W.2d 932, 934 (Tex. App.--San Antonio 1990, no
pet.). This is a requirement of the federal and state constitutions and Texas statutory law. See
Fourth and Fourteenth Amendments, United States Constitution; Article I, section 9, Texas
Constitution; Tex. Code Crim. Proc. Ann. art. 18.01(b) (West Supp. 1993). Thus, search
warrants properly issue only when predicated on probable cause. Article 18.02(a)(10) of the
Texas Code of Criminal Procedure provides:



A search warrant may be issued to search for and seize:


* * * * *



(10) property or items, except the personal writings of the accused, constituting
evidence of an offense or constituting evidence tending to show that a particular
person committed an offense . . . . [emphasis supplied]



Tex. Code Crim. Proc. Ann. art. 18.02(a)(10) (West Supp. 1993).

 Before a search warrant may issue to search for property or items as set forth in
article 18.02(a)(10), the provisions of article 18.01(c) and (d) of the Texas Code of Criminal
Procedure must be considered. These sections provide:



(c) A search warrant may not be issued pursuant to Subdivision (10) of Article
18.02 of this code unless the sworn affidavit required by Subsection (b) of this
article sets forth sufficient facts to establish probable cause: (1) that a specific
offense has been committed, (2) that the specifically described property or items
that are to be searched for or seized constitute evidence of that offense or evidence
that a particular person committed that offense, and (3) that the property or items
constituting evidence to be searched for or seized are located at or on the particular
person, place, or thing to be searched. Except as provided by Subsection (i) of this
article, only a judge of a municipal court of record who is an attorney licensed by
the State of Texas, statutory county court, district court, the Court of Criminal
Appeals, or the Supreme Court may issue warrants pursuant to subdivision (10),
Article 18.02 of this Code.


. . . .


(d) Only the specifically described property or items set forth in a search warrant
issued under Subdivision (10) of Article 18.02 of this code . . . may be seized. 
Subsequent search warrants may not be issued pursuant to Subdivision (10) of
Article 18.02 of this code to search the same person, place, or thing subjected to
a prior search under Subdivision (10) of Article 18.02 of this code.



Tex. Code Crim. Proc. Ann. art. 18.01(c) (West Supp. 1993) and (d) (West 1977).

 In reviewing the sufficiency of the affidavit, we use the "totality of the
circumstances" analysis. Illinois v. Gates, 462 U.S. 213 (1983); Bower v. State, 769 S.W.2d
887, 903 (Tex. Crim. App.), cert. denied, 492 U.S. 927 (1989); Eisenhauer v. State, 754 S.W.2d
159, 164 (Tex. Crim. App.), cert. denied, 488 U.S. 848 (1988); Mayfield, 800 S.W.2d at 934. 
Moreover, in determining the sufficiency of an arrest or search warrant, a reviewing court is
limited to the "four corners of an affidavit." Jones v. State, 833 S.W.2d 118, 123 (Tex. Crim.
App. 1992); Lagrone v. State, 742 S.W.2d 659, 661 (Tex. Crim. App. 1987); Mayfield, 800
S.W.2d at 934. This determination, however, is not meant "to place legalistic blinders on the
process where a neutral and detached magistrate must decide whether there are sufficient facts
stated to validate issuance of a proper warrant." Lagrone, 742 S.W.2d at 661. The affidavit for
a warrant should be interpreted in a common sense and realistic manner. The magistrate is
permitted to draw reasonable inferences therefrom. Id.

 The search warrant in the instant case dated September 30, 1989, was based on an
affidavit of the same date. The affiant, Sergeant Carl Deal of the San Marcos Police Department,
sought authority to search the premises at 1602-A Mill Street in San Marcos for the bank records
of James David Harrison [appellant] and Jill Byler "and persons unknown residing at said
location." In addition, Officer Deal sought permission to search, inter alia, for bank statements,
records of canceled checks, loan applications, cashier's checks, money orders, rental contracts
for safety deposit boxes, certificates of deposit, wire transfers, as well as real estate records
including deeds, records of the purchase or sale of stock, copies of federal income tax returns,
airline tickets, passports, computer and telephone records, and all video and audio records "made
by the named persons" of violations of the Texas Controlled Substances Act. (2)

 The affidavit did not seek authority to search for cash or contraband, (3) but was
directed principally to securing a warrant to search for financial records.

 We examine the sufficiency of the affidavit to see if it establishes that a specific
offense has been committed and whether it specifically describes the property or items that
constitute evidence of the specific offense or evidence that a particular person committed the
offense. Further, the affidavit must establish that the property or items to be searched for or
seized are located at the place to be searched. See State v. Cantu, 785 S.W.2d 181, 184 (Tex.
App.--Houston [14th Dist.] 1990, no pet.).

 With regard to the specific offense requirement, the affidavit alleges:



On or about the 29th day of September, A.D. 1989, the said JAMES DAVID
HARRISON and JILL BYLER and persons unknown to Affiant, in Harris County,
Texas, did then and there violate the Texas Controlled Substances Act, and it is the
belief of the affiant that criminal instruments used in the commission of this offense
are contained in the above described place.



 The Texas Controlled Substances Act, Tex. Health & Safety Code, Chapters 481-85 (West 1992), contains many penal provisions. The above allegations alone do not establish that
a specific offense was committed. Much of the affidavit is devoted to a description of the
activities of one Mark Northcutt, a known drug dealer. Affiant Deal alleged that on September
26, 1989, he became "aware" that Northcutt had made arrangements to purchase twenty-five kilos
of cocaine in Houston for which he was to pay $337,500.00. This information apparently came
from an unidentified informant for the Drug Enforcement Agency. Affiant alleged that on
September 29, 1989, Northcutt and an associate, Craig Allen, were arrested in Houston while in
possession of twenty-five kilos of cocaine. Affiant then asserted, as if it was his first hand
observation, that appellant was present in his automobile at the place of arrest and within sight
of the drug transaction and that appellant fled the scene "and is believed to have been in
possession of the $337,500 in cash." At the evidentiary hearing, Officer Deal admitted that, while
he was present, he did not see appellant or his automobile at the scene of the arrest in Houston. 
Deal acknowledged that another San Marcos police officer had seen the appellant "driving his
Trans Am coming off the Interstate in front of the hotel" where the arrest of Northcutt and Allen
occurred. Deal could not recall the distance from which the other officer had observed appellant
in an automobile. The fact that this information came from another officer was not revealed to
the magistrate who issued the warrant. This was one of the Franks complaints made by appellant
in his second motion to suppress evidence, and which fact appellant claims, because of the
misstatement, should have been deleted from the affidavit in any assessment of probable cause. 
See Hass v. State, 790 S.W.2d 609, 611 (Tex. Crim. App. 1990).

 The affidavit is lengthy and imprecise. At one point affiant alleges that appellant,
Jill Byler and "persons unknown to affiant" committed an unspecified violation of the Texas
Controlled Substances Act in Houston on September 29, 1989. Later, affiant alleges that on the
same date, Northcutt, about whom affiant had received information for four years, and one Craig
Allen were arrested in possession of cocaine. While affiant alleged appellant was present in the
area or place of arrest, no mention is made of Byler or "persons unknown to affiant" being present
or involved. Whether affiant was referring to the same offense is not clear from the affidavit. 
We conclude that the affidavit fails to establish that a specific offense has been committed within
the contemplation of article 18.01(c).

 Even if there is probable cause to believe that a person has committed a specific
offense, this does not automatically supply probable cause to search that person's house for
evidence of the crime. Lindley v. State, 773 S.W.2d 579, 584 (Tex. App.--Tyler 1989, pet. ref'd). 
The affidavit must set forth sufficient circumstances to enable the magistrate to judge,
independently, the validity of affiant's belief that the evidence sought is at the place to be
searched. Tolentino v. State, 638 S.W.2d 499, 502 (Tex. Crim. App. 1982); see also Cassias v.
State, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986); Schmidt v. State, 659 S.W.2d 420, 421
(Tex. Crim. App. 1983). The instant affidavit does not set forth substantial facts which
established probable cause to believe the items sought would be located at 1602-A Mill Street in
San Marcos. See Johnson v. State, 722 S.W.2d 417, 422 (Tex. Crim. App. 1986). In a series
of conclusory statements without sufficient underlying facts to support the statements, the affiant
asserted that appellant was a business associate, employee, and runner for Northcutt, for which
services he was rewarded. Affiant then alleged that based on his experience and training he was
"aware" that individuals involved in the trade of illegal drugs and narcotics maintain detailed
records of drug and financial transactions; that Northcutt had "been documented" as having had
difficulty in hiding cash profits from his drug trade; and that this often results in maintenance of
records beyond those normally documented by "standard and legal procedures." Affiant then
asserted that he was "aware" that individuals who rendered services as appellant did as an
employee for Northcutt would maintain records of transactions, payments, rewards, bank books,
safety deposit boxes, etc. Mere conclusory information in an affidavit will not, however, support
a finding of probable cause. Ramsey v. State, 675 S.W.2d 517, 519 (Tex. Crim. App. 1984); see
also Jones v. State, 833 S.W.2d 118, 124 (Tex. Crim. App. 1992); Green v. State, 615 S.W.2d
700, 706 (Tex. Crim. App. 1980), cert. denied, 454 U.S. 952 (1981). Likewise, mere
affirmation of belief or suspicion is not enough to sustain the issuance of a search warrant. 
Tolentino, 638 S.W.2d at 502.

 Under any circumstances, the affidavit does not establish probable cause that
specifically described property or items that are to be searched for and seized constitute evidence
of a specific offense or evidence that a particular person committed that offense. Drousche v.
State, 651 S.W.2d 883, 885 (Tex. App.--Austin 1983, no pet.). The second requirement of article
18.01(c) was not met. See Mulder v. State, 707 S.W.2d 908, 916 (Tex. Crim. App. 1986).

 Moreover, appellant was not connected in any way with the address in question. 
See Cassias, 719 S.W.2d at 588 n.2. The assertions in the affidavit that the "premises are in
charge of and controlled" by appellant or that he resided at the location are conclusory statements,
the source of which is not given nor the reliability vouched for. Id. Affiant made no claim that
he checked city or telephone directories, drivers' license records or determined to whom the
utilities at the house were registered, nor does he assert that he had personal knowledge or a
report of surveillance which tied appellant to the particular address.

 Viewing the affidavit from its four corners and in light of the totality of the
circumstances, we find that the affidavit was deficient in that it did not establish a specific offense,
failed to show that the items and property to be searched for and seized could be found on the
premises in question, and failed to connect appellant with the address. We sustain appellant's first
three points of error.

 In view of our disposition of the first three points of error, we do not reach the
fourth point of error that the doctrine of Franks v. Delaware was violated and that certain
statements in the affidavit should be excluded before making an assessment of probable cause. 
Furthermore, we do not find the "good faith" exception to the exclusionary rule found in article
38.23(b) of the Texas Code of Criminal Procedure and the "good faith" exception of United States
v. Leon, 468 U.S. 897 (1984) to be applicable. The statutory exception enacted as article 38.23(b)
is not co-extensive with the federal "good faith" exception of Leon but applies only if the
supporting affidavit states probable cause. Curry v. State, 808 S.W.2d 481, 482 (Tex. Crim.
App. 1991); Gordon v. State, 801 S.W.2d 889, 912-13 (Tex. Crim. App. 1990); Flores v. State,
827 S.W.2d 416, 418 (Tex. App.--Corpus Christi 1992, pet. ref'd.); Eatmon v. State, 738 S.W.2d
723, 724-25 (Tex. App.--Houston [14th Dist.] 1987, pet. ref'd) (statutory good faith exception
inapplicable where search warrant not supported by probable cause). The exception enunciated
in Leon appears more flexible in allowing a good faith exception if the officer's belief in probable
cause is reasonable. Gordon, 801 S.W.2d at 912-13; Curry v. State, 815 S.W.2d 263, 265 (Tex.
App.--Houston [14th Dist.] 1991, no pet.). When a defendant objects on state grounds as in the
instant case, article 38.23(b) is automatically invoked. Polk v. State, 738 S.W.2d 274, 276 (Tex.
Crim. App. 1987), and the less restrictive good faith exception of Leon may have no application. 
See Polk v. State, 704 S.W.2d 929, 933-34 (Tex. App.--Dallas 1986), aff'd Polk, 738 S.W.2d at
276. Even if the Leon exception can be said to be applicable to the instant case, we find that the
affidavit was so lacking in facts to support a finding of probable cause that no good faith reliance
by the officers was manifested. See Davis v. State, 831 S.W.2d 426, 441 (Tex. App.--Austin
1992, pet. ref'd).

 The judgment is reversed and the cause is remanded.



 

 John F. Onion, Jr., Justice

[Before Justices Powers, B. A. Smith and Onion*]

Reversed and Remanded

Filed: January 20, 1993

[Do Not Publish]











* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. Tex. Code Crim. Proc. Ann. art. 38.23 (West Supp. 1993).
2. The Fourth Amendment to the United States Constitution and Article I, section 9 of the
Texas Constitution prohibit general warrants which fail to particularly describe the property to
be seized and "allow general exploratory rummaging in a person's belongings." Andresen v.
Maryland, 427 U.S. 463, 480 (1976); Walthall v. State, 594 S.W.2d 74, 78 (Tex. Crim. App.
1980).
3. The return on the search warrant reflects that the officers found, inter alia, a "pill bottle with
white powder field tested as cocaine." This was the basis of the instant prosecution. The
evidentiary hearing revealed that appellant was not present at the time of the search.